# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

*Phone:*    (212) 885-5568
*Fax:*      (917) 591-9898
*Email:*    aroberts@blankrome.com

September 24, 2020

**Via ECF**
Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Yaakov Y. Gross v. Private National Mortgage Acceptance Company, LLC, et al.*
>        Eastern District of New York Case No. 20-cv-04192 (the "Action")
>        **Pre-Motion Conference Letter on Motion to Dismiss**

Your Honor:

This firm represents defendant, Private National Mortgage Acceptance Company, LLC ("PNMAC" or "Defendant") and writes pursuant to Your Honor's Rules to request leave to file a motion to dismiss Plaintiff Yaakov Y. Gross's ("Plaintiff") Complaint pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure ("Federal Rules") with prejudice.

## I.   Background and Relevant Facts

On September 1, 2006, Plaintiff executed and delivered to Bank of America, N.A. a certain Note and mortgage (the "Mortgage") in favor of Bank of America, N.A. encumbering the real property located at 1447 Herkimer Street, Brooklyn, New York (the "Property").  The Mortgage was recorded in the Office of the City Register of the City of New York on October 4, 2006 at CRFN 2006000557979.  The Note and Mortgage were assigned to PennyMac Corp. pursuant to an Assignment of Mortgage, dated October 22, 2013 and recorded in the office of the City Register of the City of New York on March 2, 2015 at CRFN 2015000070768.[1]

On March 17, 2015, after Plaintiff defaulted under the loan, PennyMac Corp. commenced a foreclosure action by filing a Summons and Complaint, Certificate of Merit and Notice of Pendency (the "Pleadings") in the Supreme Court, County of Kings, bearing Index No. 503040/2015 (the "Foreclosure Action").  During the pendency of the Foreclosure Action, Plaintiff

---

[1] The Court is permitted to take judicial notice of matters of public record when considering a motion to dismiss.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *IKB Int'l S.A. v. Bank of Am. Corp.*, 2014 WL 1377801, at * 4 (S.D.N.Y. Feb. 28, 2014) (on a motion to dismiss "[t]he Court also may consider 'matters of which judicial notice may be taken.'") (internal citations omitted).

# BLANKROME

September 24, 2020
Page 2

entered into a Loan Modification Agreement with PennyMac Corp., dated February 23, 2017 and recorded in the Office of the City Registrar of the City of New York on October 17, 2017 at CFRN 2017000381893. As such, PennyMac Corp. discontinued the Foreclosure Action.

Subsequently, PennyMac Corp. assigned the Note and Mortgage to U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II via an Assignment of Mortgage, dated October 17, 2018 and recorded in the Office of the City Registrar of the City of New York on October 30, 2018 at CRFN 2018000361290. The Loan was service-released from PennyMac Loan Services, LLC ("PLS") to Shellpoint Mortgage Servicing effective October 10, 2018.

On August 25, 2020, Plaintiff filed a Complaint against PNMAC and Trans Union, LLC in the Supreme Court, Kings County (Index No. 515750/2020) alleging, *inter alia*, that PNMAC violated the Fair Credit Reporting Act ("FCRA"). Defendant TransUnion filed a Notice of Removal to this Court on September 9, 2020. Plaintiff purported to serve PNMAC with the Summons and Complaint by mail on September 10, 2020. Pursuant to Federal Rule 81, and assuming the Court deems service proper, which PNMAC disputes, PNMAC's deadline to respond to the Complaint is October 1, 2020.

## II. Service on PNMAC Was Defective Because Plaintiff Failed to Comply With Either New York's CPLR 312-a or Federal Rule 4

Pursuant to CPLR 312-a, a party can serve a Summons and Complaint, or Summons with Notice by first class mail. *See* CPLR 312-a. However, when service is made pursuant to CPLR 312-a, a copy of the Summons with Notice must be mailed "together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender."

If a plaintiff fails to comply with these requirements, service on a defendant is defective, and the Court lacks personal jurisdiction over said defendant. *See Principis Capital LLC v. A L C Holding Corp.*, 2016 WL 6142165 (Sup. Ct. N.Y. Cty. Oct. 20, 2016) (holding that Plaintiff presented no evidence that copies of the summons and complaint were sent to defendants by first-class mail, together with two copies of a statement of service by mail and an acknowledgment of receipt and therefore, the Court did not acquire personal jurisdiction over the defendants); *Morris Duffy Alonso & Faley v. Eco Bldg. Products, Inc.*, 2016 WL 1301758 (Sup. Ct. N.Y. Cty. Apr. 1, 2016) (holding that if a plaintiff fails to enclose two copies of the statement of service by mail and acknowledgment of receipt in the format required by CPLR 312-a(d), service will be deemed defective). Here, after commencing the Action in the New York State Court, Plaintiff purported to serve the Summons and Complaint upon PNMAC by Certified Mail. However, Plaintiff failed to comply with CPLR 312-a because the mailing did not include (1) a statement of service by mail or an acknowledgment of receipt and (2) a pre-paid self-addressed envelope.

BLANKROME

September 24, 2020
Page 3

Further, although service was purportedly effectuated while the Action was proceeding in the New York State Court, Plaintiff's service by mail is also improper under Federal Rule 4(h). Moreover, Plaintiff did not request a waiver under Federal Rule 4(d). Because Plaintiff failed to comply with the requirements of CPLR 312-a or Federal Rule 4, service of the Summons with Notice was defective, and the Court lacks personal jurisdiction over PNMAC.

### III. Plaintiff's Complaint Fails to State a Claim Against PNMAC as a Matter of Law

Plaintiff's Complaint against PNMAC fails to state a claim against PNMAC and is patently improper because the public records confirm that there is no real dispute between Plaintiff and PNMAC. As such, no justiciable controversy exists for the Court to adjudicate.

"[A] justiciable controversy must involve a present, rather than a hypothetical, contingent or remote, prejudice to the plaintiff. The dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination." *Zwarycz v. Marnia Const., Inc.*, 102 A.D.3d 774, 776, 958 N.Y.S.2d 440 (2d Dept. 2013) (quotations and citations omitted); *see Cong. Machon Chana v. Machon Chana Women's Inst., Inc.*, 162 A.D.3d 635, 80 N.Y.S.3d 61 (2d Dept. 2018) (to constitute a justiciable controversy, there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect) (internal citations omitted); *Residential Credit Solutions, Inc. v. Nagessar*, 2015 WL 1651587 (Sup. Ct. Kings Cty. Apr. 9, 2015); *Saleh v. Sulka Trading Ltd.*, 2019 WL 3711770 (S.D.N.Y. July 15, 2019) (the Supreme Court has described "a 'case of actual controversy' sufficient for a court to exercise jurisdiction . . . as 'a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (quotation omitted).

Here, as discussed above and based on the publicly-available land records, PNMAC ***never*** had an interest in the Loan. Thus, Plaintiff is well-aware that PNMAC was never a furnisher of information for Plaintiff's Loan. Accordingly, no actual controversy exists between Plaintiff and PNMAC, and Plaintiff's FCRA claim fails as a matter of law. PNMAC advised Plaintiff of this fatal flaw in his Complaint, but Plaintiff refused to discontinue the Action against PNMAC. Plaintiff's Complaint also fails to allege facts to support that PNMAC was a furnisher of information.[2] For all these reasons, PNMAC respectfully requests a pre-motion conference for leave to file a motion to dismiss the Complaint pursuant to Federal Rule 12(b).

---

[2] Furthermore, PNMAC is not a furnisher of information under the FCRA because it does not transmit information relating to debts owed by consumers to credit reporting agencies, such as defendant TransUnion. *See Jenkins v. Capital One, N.A.*, 2017 WL 1323812 (E.D.N.Y. Feb. 28, 2017). PNMAC reserves the right to assert additional arguments in its motion to dismiss.

BLANKROME

September 24, 2020
Page 4

                                                     Respectfully submitted,

                                                     */s/ Andrea M. Roberts*

                                                     Andrea M. Roberts