

DANIEL ZEMEL, ESQ. (NY, NJ)
1373 BROAD STREET, SUITE 203-C
CLIFTON, NEW JERSEY 07013
PHONE:   (862) 227-3106
FAX:       (973) 282-8603
DZ@ZEMELLAWLLC.COM

September 24, 2020

**VIA ECF:**

Honorable Brian M. Cogan
United States District Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **RE:**    ***Yaakov Y. Gross vs. Private National Mortgage Acceptance Company, LLC, et. al.***
> United States District Court – Eastern District Of New York
> Case Number:  1:20-cv-04192

Dear Judge Cogan:

Yaakov Gross ("Plaintiff"), Private National Mortgage Acceptance Company, LLC, et. al. ("PNMAC") and TransUnion LLC ("TransUnion") hereby submit this joint letter to provide a brief description of the case, including factual, jurisdictional, and legal bases for the claims and defenses, and addressing any contemplated motions.

**Plaintiff's Statement of Facts and Claims for Relief**

On a date better known by Defendants, PNMAC began servicing Plaintiff's mortgage bearing the account number #618100008**** (the "Account"). On or about October 2018, the Account was transferred to another loan servicer. At this point, Plaintiff was no longer obligated to make monthly payments on the Account to PNMAC, as the debt had been transferred, sold, purchased, refinanced, consolidated or otherwise acquired by another loan servicer. Despite this, PNMAC continues to furnish information and TransUnion continues to report information reflecting that Plaintiff's payment status is *currently* late by greater than 30 days. Plaintiff sent a dispute letter to the credit bureaus, including Defendant TransUnion, on or about February 2020. After receiving a dispute from Plaintiff concerning the erroneous information of the Account, Defendant TransUnion forwarded Plaintiff's disputes on to

PNMAC. Defendants PNMAC and TransUnion failed to conduct a reasonable investigation and continued the reporting of an erroneous late payment status.

A payment status of "Late 30 Days" is false and misleading in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA") because Plaintiff is not currently late on any obligations to PNMAC. The inaccurate reporting of Plaintiff's late payment status negatively affects Plaintiff's credit worthiness. PNMAC has willfully and negligently furnished information to TransUnion that was false, misleading and inaccurate, has failed to mark its account as disputed by Plaintiff, and willfully and negligently failed to conduct a reasonable investigation of the inaccurate information disputed by Plaintiff. TransUnion has negligently and willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information reported and negligently and willfully failed to conduct a reasonable investigation as required by the FCRA.

As a result of Defendants' actions, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

**Defendant PNMAC's Statement of Facts and Defenses:**

Plaintiff failed to effectuate proper service by mail upon Private National Mortgage Acceptance Company, LLC ("PNMAC") because Plaintiff failed to comply with the applicable sections of either New York's Civil Practice Law and Rules or the Federal Rules of Civil Procedure. Thus, PNMAC's time to respond to the Complaint has not been triggered. Nevertheless, PNMAC filed a letter requesting a pre-motion conference with the Court to proceed with its motion to dismiss with prejudice since PNMAC never had an interest in Plaintiff's loan and therefore, there is no justiciable controversy between Plaintiff and PNMAC. Further, Plaintiff has failed to state a claim against PNMAC upon which relief may be granted because PNMAC is not, and was never was, a furnisher of information for Plaintiff's loan. Moreover, Plaintiff failed to allege any specific damages. By completing this letter, PNMAC does not waive any jurisdictional defenses or other defenses, all of which are expressly preserved.

**Defendant TransUnion's Statement of Facts and Defenses:**

Plaintiff has failed to state a claim against Trans Union upon which relief may be granted, inter alia, by failing to plead sufficient facts supporting the allegation that Trans Union's reporting of his Private National Mortgage ("PNMAC") account (the "Account") as closed and previously 30 days late was "inaccurate," a prima facia element of his claims under the FCRA. Case law holds that accuracy is a complete defense to Plaintiff's FCRA claims and it is indisputable that Trans Union accurately reported the Account as transferred and closed but previously 30 days late, which is also in compliance with current guidelines mandated by the Credit Reporting Resource Guide. Case law further holds that Trans Union cannot be liable after Plaintiff's disputes because Trans Union

properly relied on PNMAC, the only party with a direct relationship to Plaintiff and thus in the best position to say whether or not the information they provided to Trans Union was accurate, who advised Trans Union that the Account was reporting accurately.  Moreover, Plaintiff does not allege that Trans Union's reporting of the Account as 30 days late at the time the Accounts were closed caused any specific credit denials and, even if he did, Plaintiff has a poor credit history and will be unable to show that the reporting caused him any emotional distress or was the required "substantial factor" in any credit denials where, among other things, no hard inquiries were made on Plaintiff's credit file during the relevant time period.

**Plaintiff's Bases for Jurisdiction**

Plaintiff has federal court jurisdiction based on 28 U.S.C. §1331 due to his claims against Defendants for violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681a.

**Plaintiff's Contemplated Motions**

Plaintiff is not contemplating any motions at this time.

**Defendants' Contemplated Motions**

Trans Union is contemplating filing a motion for judgement on the pleadings and a motion for summary judgement.

PNMAC has filed a letter requesting a pre-motion conference to proceed with its motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2) and 12(b)(6). Accordingly, PNMAC respectfully requests that the Court adjourn the Case Management Conference scheduled for October 1, 2020 and any related deadlines.

Respectfully submitted,

/s/ *Camille Nicodemus*
Camille R. Nicodemus, Esq.
SCHUCKIT & ASSOCIATES, P.C.
4545 Northwestern Drive
Zionsville, Indiana 46077
(317) 363-2400
E-mail:  cnicodemus@schuckitlaw.com
Counsel for TransUnion LLC

/s/ *Daniel Zemel*
Daniel Zemel, Esq.
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, NJ 07013
862-227-3106
Email: dz@zemellawllc.com
Counsel for Plaintiff

/s/ *Andrea M. Roberts*
Andrea M. Roberts
BLANKROME
1271 Avenue of the Americas
New York, NY 10020
212.885.5568
aroberts@blankrome.com
Counsel for Defendant PNMAC

cc:     All counsel of record (via ECF)