```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YAAKOV Y. GROSS,                                            :
                                                            :
                              Plaintiff,                    :   MEMORANDUM DECISION
                                                            :   AND ORDER
                                                            :
              - against -                                   :   20-cv-4192 (BMC)
                                                            :
                                                            :
PRIVATE NATIONAL MORTGAGE                                   :
ACCEPTANCE COMPANY, LLC and                                 :
TRANSUNION, LLC,                                            :
                                                            :
                                                            :
                              Defendants.                   :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff Yaakov Gross brought this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., alleging that an entry on his credit report prepared by defendant TransUnion, LLC is inaccurate and misleading. The entry concerns his mortgage loan with the other defendant, Private National Mortgage Acceptance Company, LLC ("PNMAC"). It reports a "Pay Status" of "30 Days Past Due." Plaintiff argues that this entry is inaccurate because it suggests that the account is *currently* past due, even though the account has been transferred to another lender and he is no longer obligated to make payments to PNMAC.

TransUnion has moved to dismiss. It argues that, when read in context, the entry shows that the account was historically past due. Because plaintiff has failed to allege facts plausibly showing that the entry is materially misleading, the motion to dismiss is granted.

## BACKGROUND

In the First Amended Complaint, plaintiff alleges that at some point in the past, PNMAC was servicing his residential mortgage. In October 2018, PNMAC transferred the account to

another lender. The circumstances of that transfer are not entirely clear; plaintiff alleges only that "the debt had been transferred, sold, purchased, refinanced, consolidated or otherwise acquired by another loan servicer." In any event, plaintiff alleges that as a result of the transfer, he was no longer obligated to make payments to PNMAC.

Plaintiff further alleges that his credit report shows the following information:

| PRIVATE NATIONAL MORTGAG #618100008**** (P.O. BOX 514387, LOS ANGELES, CA 90051, (866) 545-9070) | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Opened: 09/01/2006 | | | Balance: $0 | | | | Pay Status: ›Account 30 Days Past Due Date‹ | | | | | |
| Responsibility: Individual Account | | | Date Updated: 10/10/2018 | | | | Terms: Monthly for 480 months | | | | | |
| Account Type: Mortgage Account | | | Last Payment Made: 09/07/2018 | | | | Date Closed: 10/10/2018 | | | | | |
| Loan Type: CONVENTIONAL REAL ESTATE MTG | | | High Balance: $402,500 | | | | ›Maximum Delinquency of 120 days in 12/2013 for $113,815 and in 01/2017‹ | | | | | |

Remarks: TRANSFERRED TO ANOTHER LENDER
Estimated month and year that this item will be removed: 07/2025

| | 09/2018 | 08/2018 | 07/2018 | 06/2018 | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |
| | 09/2017 | 08/2017 | 07/2017 | 06/2017 | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 |
| Rating | OK | OK | OK | OK | OK | OK | X | X | 120 | 120 | 120 | 120 |
| | 09/2016 | 08/2016 | 07/2016 | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 |
| Rating | 120 | 120 | X | X | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
| | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 |
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
| | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 |
| Rating | 120 | 120 | 120 | 120 | 120 | 120 |

This report shows that the balance is $0; that the last payment made was in September 2018; that the account was last updated in October 2018; and that the account was transferred to another lender.[1]

Plaintiff zeroes in on the "Pay Status" of "30 Days Past Due Date." He argues that this entry suggests that the account is *currently* 30 days past due, but the account is not, in fact, past due because the account has been transferred to another lender and he is no longer obligated to make payments to PNMAC. In short, says plaintiff, the "Pay Status" entry "is false and misleading because [he] is not currently late on any obligations to PNMAC."

---

[1] Although plaintiff did not attach his credit report to the complaint, he did attach the relevant portion of the report to a letter he subsequently filed. The Court can consider this document as integral to the complaint. See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

In February 2020, plaintiff sent a dispute letter to TransUnion. Plaintiff does not specify the contents of that letter; he states only that it "concern[ed] the erroneous information" – presumably, the "Pay Status" entry on the credit report. TransUnion then "forwarded [p]laintiff's disputes on to PNMAC." Despite plaintiff's efforts, PNMAC and TransUnion "continued allowing the reporting of an erroneous late payment status." Plaintiff claims to have "suffered embarrassment, humiliation, and other emotional injuries as a result of errors on [the] credit report and credit worthiness."

Plaintiff brought this suit under the FCRA, alleging that TransUnion committed two statutory violations. First, says plaintiff, TransUnion failed to "follow reasonable procedures to assure maximum possible accuracy of the information" on his credit report, in violation of 15 U.S.C. § 1681e(b). Then, after plaintiff disputed the accuracy of the "Pay Status" entry on that credit report, TransUnion allegedly failed to "conduct a reasonable reinvestigation to determine whether the disputed information [was] inaccurate," in violation of § 1681i(a)(1)(A).

TransUnion has now moved to dismiss. TransUnion casts plaintiff's interpretation of the credit report as illogical, arguing that the "Pay Status" line does not imply that the account is *currently* past due, but *historically* past due. As evidence, TransUnion points to the surrounding information, such as the $0 balance, the notation that the last payments and updates were in 2018, and the notation that the account was transferred to another lender. In context, TransUnion argues, the "Pay Status" entry accurately reports that the account was historically past due, and thus, as a matter of law, the report is not inaccurate.

## DISCUSSION

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v.

3

Burr, 551 U.S. 47, 52 (2007). As relevant here, § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." If the individual disputes the accuracy of any information appearing on a report, the consumer reporting agency must notify the entity that furnished the disputed information. § 1681i(a)(2). Then, under § 1681i(a)(1)(A), the consumer reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." Consumer reporting agencies that negligently or willfully violate these provisions are subject to civil liability. DiGianni v. Stern's, 26 F.3d 346, 348 (2d Cir. 1994) (citing 15 U.S.C. §§ 1681n, 1681o).

To state a claim under either § 1681e(b) or § 1681i, a plaintiff must allege facts showing that the disputed information was inaccurate. See, e.g., Khan v. Equifax Info. Servs., LLC, No. 18-cv-6367, 2019 WL 2492762, at *4 (E.D.N.Y. June 14, 2019). Inaccuracy is a "threshold question," and "if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." Collins v. Experian Credit Reporting Serv., 494 F. Supp. 2d 127, 135 (D. Conn. 2007) (quotation omitted). "The overwhelming weight of authority holds that a credit report is inaccurate . . . either when it is patently incorrect *or* when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect" on credit decisions. Wenning v. On-Site Manager, Inc., No. 14-cv-9693, 2016 WL 3538379, at *9 (S.D.N.Y. June 22, 2016) (quotation omitted).

Because plaintiff does not seem to argue that the information is patently incorrect, he must point to information on his credit report that is "materially misleading" to creditors. Kilpakis v. JPMorgan Chase Fin. Co., LLC, 229 F. Supp. 3d 133, 142 (E.D.N.Y. 2017). "Mere

4

imprecision" is not enough. Wenning, 2016 WL 3538379, at *9. "Rather, a plaintiff must establish that the information provided by the [consumer reporting agency] is open to an interpretation that is directly contradictory to the true information." Id. (quotation omitted).

Plaintiff has failed to satisfy this standard. If a creditor read the "Pay Status" entry in isolation, the creditor might conclude that the account was currently past due. But when the creditor read the rest of the entries, the creditor would surely forego that conclusion. The credit report contains several other entries that show that the "30 Days Past Due" refers to the period when the payments were due to PNMAC. For instance, the report shows that the account is closed and has a $0 balance. An account with a $0 balance cannot currently be past due – what would the debtor have to pay to bring the account current?

The report also shows that the last payment made was in September 2018; that the account was last updated in October 2018; and that the account was transferred to another lender. Reading these entries together, the only logical inference is that the account was *previously* 30 days past due. It is simply not plausible to think that a creditor would conclude otherwise. See Hernandez v TransUnion, LLC, No. 19-cv-1987, Dkt. No. 82, at 7 (N.D. Fla. Dec. 10, 2020) (concluding that reporting a "pay status" as "120 days past due" for a closed account with a $0 balance "would not reasonably mislead a creditor to believe [the plaintiff] is currently past due on this loan"); Settles v. TransUnion, LLC, No. 3:20-cv-00084, 2020 WL 6900302, at *4 (M.D. Tenn. Nov. 24, 2020) (same).

Plaintiff offers several reasons to disregard these decisions, but none are persuasive. He points to Friedman v. CitiMortgage, Inc., No. 18-cv-11173, 2019 WL 4194350 (S.D.N.Y. Sept. 3, 2019), and my decision in Mund v. TransUnion, No. 18-cv-676, 2019 WL 955033 (E.D.N.Y. Feb. 27, 2019). Both cases involved plaintiffs who alleged that their credit reports showed that

5

certain accounts were 120 days past due. The plaintiffs argued that these entries were inaccurate because the accounts had been transferred to other lenders and, therefore, the plaintiffs were no longer obligated to make payments on those accounts. Both decisions held that the credit reports presented the information in a way that was materially misleading to potential creditors.

But those cases are distinguishable. In Mund, the credit report indicated that the plaintiff still had a monthly payment of $4,123 on the account, and in Friedman, the credit report stated that the plaintiff had a monthly payment of $360. These entries "ma[de] [the plaintiffs'] monthly obligations look greater than they are," raising the plausible inferene that a creditor could read the "Pay Status" as a current one. Friedman, 2019 WL 4194350, at *3. Here, in contrast, plaintiff's credit report does not show a monthly payment, and all the other relevant entries suggest that the "Pay Status" entry refers to a previous pay status. Therefore, there is much less of a chance that a creditor could be misled.[2]

Because plaintiff has not alleged facts showing that his credit report was either patently incorrect or materially misleading, he has failed to make the threshold showing of inaccuracy. Therefore, he has failed to state a claim under the FDCPA.

---

[2] Plaintiff also points to Macik v. JPMorgan Chase Bank, N.A., No. G-14-044, 2015 WL 12999728 (S.D. Tex. May 28, 2015), report and recommendation adopted sub nom. Macik v. TransUnion, LLC, No. 3:14-cv-0044, 2015 WL 12999727 (S.D. Tex. July 31, 2015). There, the report listed a mortgage account as "90 days past due" even though the plaintiff had "paid off the mortgage in its entirety." Id. at *1. Here, plaintiff has not alleged that he paid off his obligations to PNMAC before the account was transferred and his obligations to PNMAC ceased.

## CONCLUSION

TransUnion's motion to dismiss [17] is granted.

**SO ORDERED.**

_Digitally signed by Brian M. Cogan_

_____
U.S.D.J.

Dated: Brooklyn, New York
       January 9, 2021