# EXHIBIT A

# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

| | |
|---|---|
| *Phone:* | *(212) 885-5568* |
| *Fax:* | *(917) 591-9898* |
| *Email:* | *aroberts@blankrome.com* |

September 21, 2020

**Via Federal Express and Email (dz@zemellawllc.com)**

Daniel Zemel, Esq.
Zemel Law, LLC
1373 Broad Street, Suite 203C
Clifton, New Jersey 07013

   Re: *Yaakov Y. Gross v. Private National Mortgage Acceptance Company, LLC, et al.*
      **Eastern District of New York Case No. 20-cv-04192 (the "Action")**

Mr. Zemel:

This firm represents defendant, Private National Mortgage Acceptance Company, LLC ("PNMAC" or "Defendant"), in this Action.  Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), we write to formally demand that Plaintiff, Yaakov Y. Gross ("Plaintiff"), discontinue this Action as soon as possible but no later than **September 28, 2020.**  If Plaintiff fails to discontinue this Action by **September 28, 2020**, PNMAC will be forced to incur additional unnecessary fees to respond to Plaintiff's Complaint.  Therefore, PNMAC will file a Motion for Sanctions, Fees and Costs pursuant to Rule 11 based on Plaintiff's frivolous conduct in commencing and continuing to prosecute this Action.

## I.  **Background and Relevant Facts**

On September 1, 2006, Plaintiff executed and delivered to Bank of America, N.A. a certain Note in the original principal amount of $402,500.00 (the "Note"), which memorialized Plaintiff's loan in the same principal amount (the "Loan").  The Note is indorsed, in blank, without recourse.

As security for the Note, Plaintiff made, executed and delivered a mortgage (the "Mortgage") in favor of Bank of America, N.A. encumbering the real property located at 1447 Herkimer Street, Brooklyn, New York (the "Property").  The Mortgage was recorded in the Office of the City Register of the City of New York on October 4, 2006 at CRFN 2006000557979.  The Note and Mortgage were assigned to PennyMac Corp. pursuant to an Assignment of Mortgage, dated October 22, 2013 and recorded in the office of the City Register of the City of New York on March 2, 2015 at CRFN 2015000070768.

136044.01960/123811796v.3

# BLANKROME

September 21, 2020
Page 2

Plaintiff defaulted under the loan by failing to make the November 1, 2010 payment.

On March 17, 2015, PennyMac Corp. commenced a foreclosure action by filing a Summons and Complaint, Certificate of Merit and Notice of Pendency (the "Pleadings") in the Supreme Court, County of Kings, bearing Index No. 503040/2015 (the "Foreclosure Action").[1]  Plaintiff was served with the Pleadings on March 21, 2015, but Plaintiff failed to appear in the Foreclosure Action.

During the pendency of the Foreclosure Action, Plaintiff entered into a Loan Modification Agreement with PennyMac Corp., dated February 23, 2017 and recorded in the Office of the City Registrar of the City of New York on October 17, 2017 at CFRN 2017000381893.[2]  As such, PennyMac filed a motion to discontinue the Foreclosure Action, which the Court granted on July 10, 2017.

Subsequently, PennyMac Corp. assigned the Note and Mortgage to U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II via an Assignment of Mortgage, dated October 17, 2018 and recorded in the Office of the City Registrar of the City of New York on October 30, 2018 at CRFN 2018000361290.[3]  Further, the Loan was service-released from PennyMac Loan Services, LLC ("PLS") to Shellpoint Mortgage Servicing effective October 10, 2018.

On August 25, 2020, Plaintiff filed a Complaint against PNMAC and Trans Union, LLC in the Supreme Court, Kings County (Index No. 515750/2020) alleging, *inter alia*, that PNMAC violated the Fair Credit Reporting Act ("FCRA").  Defendant TransUnion filed a Notice of Removal to the United States District Court for the Eastern District of New York on September 9, 2020.  Plaintiff purported to serve PNMAC with the Summons and Complaint by mail on September 10, 2020.[4]

## II.    **Plaintiff Violated Rule 11 by Filing a Frivolous Complaint**

Rule 11 requires that an attorney filing a pleading certify that "an inquiry reasonable under the circumstances" has been made and that (1) the pleading is not filed for an improper purpose, such as to harass a defendant; (2) the claims and legal contentions are warranted by existing law or by

---

[1] True and correct copies of the Summons and Complaint, Certificate of Merit and Notice of Pendency in the Foreclosure Action are annexed hereto as **Exhibits 1, 2 and 3**, respectively.  The Note and Assignment of Mortgage to PennyMac Corp. are annexed to the Complaint.

[2] A true and correct copy of the Loan Modification Agreement is annexed hereto as **Exhibit 4**.

[3] A true and correct copy of the Assignment of Mortgage to U.S. Bank National Trust Association is annexed hereto as **Exhibit 5**.

[4] Plaintiff's mailing was insufficient to effectuate service under the CPLR and/or the Federal Rules.  As such, PNMAC's deadline to respond to Plaintiff's Complaint has not been triggered, and PNMAC reserves its rights to assert all jurisdictional defenses.

# BLANKROME

September 21, 2020
Page 3

a non-frivolous argument for extending, modifying or reversing existing law or establishing new law; (3) the factual allegations have evidentiary support; and (4) the denials of factual contentions are warranted on the evidence.  *See* Rule 11(b).  Further, Rule 11(c) states that the Court may impose sanctions on an attorney, law firm, or party that violated Rule 11(b).  *See* Rule 11(c)(1) and (2).

Because the Complaint was filed for an improper purpose and the factual allegations are refuted by public records, Plaintiff failed to comply with Rule 11.

> *A.  Plaintiff's Complaint Was Filed for an Improper Purpose Since There Is No Justiciable Controversy Between Plaintiff and PNMAC*

Plaintiff's Complaint alleges that (i) the Loan was service transferred in **October 2018** and therefore Plaintiff was no longer obligated to make monthly payments to PNMAC; (ii) TransUnion continued to report Plaintiff's payment status as later than 30 days; (iii) Plaintiff disputed the alleged inaccurate reporting to TransUnion, who in turn forwarded the dispute to PNMAC.  Further, Plaintiff's First Cause of Action against PNMAC alleges that PNMAC violated the FCRA by, among other things, willfully and negligently failed to conduct an investigation and continued to furnish inaccurate and derogatory credit, account and other information to the credit reporting agencies.  These allegations against PNMAC are patently improper, as the public records confirm that there is no real dispute between Plaintiff and PNMAC.  As such, no justiciable controversy exists for the Court to adjudicate.

"[A] justiciable controversy must involve a present, rather than a hypothetical, contingent or remote, prejudice to the plaintiff.  The dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination."  *Zwarycz v. Marnia Const., Inc.*, 102 A.D.3d 774, 776, 958 N.Y.S.2d 440 (2d Dept. 2013) (*quoting Waterways Dev. Corp. v. Lavalle*, 28 A.D.3d 539, 540, 813 N.Y.S.2d 485 (2d Dept. 2006) (citations omitted)); *see Cong. Machon Chana v. Machon Chana Women's Inst., Inc.*, 162 A.D.3d 635, 80 N.Y.S.3d 61 (2d Dept. 2018) (to constitute a justiciable controversy, there must be a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect) (internal citations omitted); *Residential Credit Solutions, Inc. v. Nagessar*, 2015 WL 1651587 (Sup. Ct. Kings Cty. Apr. 9, 2015); *Saleh v. Sulka Trading Ltd.*, 2019 WL 3711770 (S.D.N.Y. July 15, 2019) (the Supreme Court has described "a 'case of actual controversy' sufficient for a court to exercise jurisdiction . . . as 'a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'") (quoting *Halo Lifestyle LLC v. Halo Farm, Inc.*, 2019 WL 1620744, at *3 (S.D.N.Y. Apr. 16, 2019)).

Here, as Plaintiff is aware, PNMAC was never a furnisher of information for Plaintiff's Loan.  **In fact, based on the publicly-available land records, PNMAC *never* had an interest in the**

BLANKROME

September 21, 2020
Page 4

**Loan:**

- Bank of America originated the Loan on September 1, 2006;
- Bank of America assigned the Loan to PennyMac Corp. pursuant to an Assignment of Mortgage, dated October 22, 2013; and
- PennyMac Corp. assigned the Loan to U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II pursuant to an Assignment of Mortgage, dated October 17, 2018.

*See* Exhibits 1-5. Thus, it is apparent that Plaintiff's counsel failed to conduct any due diligence whatsoever prior to commencing this Action. Had Plaintiff's counsel performed the required diligence, he would have known that ***PNMAC has nothing to do with Plaintiff's Loan*** and that the public records flatly contradict Plaintiff's Complaint against PNMAC. Accordingly, no actual dispute exists between Plaintiff and PNMAC, and Plaintiff's FCRA claim fails as a matter of law.

### III.    Sanctions Are Warranted for the Prosecution of the Action against PNMAC

Based on the foregoing, it is "patently clear" Plaintiff's Complaint has absolutely no chance of success against PNMAC. *See Chaisse Nationale v. Valcorn*, 28 F.3d 259, 265 (2d Cir. 1994) (sanctions awarded where defendant had "no chance of success" and claims were "unsupported by more than conclusory assertions"). **Thus, PNMAC hereby demands that Plaintiff discontinue this Action immediately, but by no later than September 28, 2020.** If Plaintiff fails to discontinue this Action, PNMAC will be forced to incur additional unnecessary fees to file a motion to dismiss Plaintiff's frivolous Complaint.

Please consider this formal notice of your frivolous conduct as required by Rule 11(c)(1). To the extent Plaintiff fails to discontinue the Action, and PNMAC is successful on a motion to dismiss the Complaint, PNMAC reserves all rights to file a motion pursuant to Rule 11(c)(2) seeking sanctions against Plaintiff.

Please respond to this letter by no later than **September 28, 2020**, to confirm whether you intend to withdraw the Complaint and discontinue this Action against PNMAC with prejudice. I am available if you would like to further discuss.

Very truly yours,

*Andrea M. Roberts*

Andrea M. Roberts

136044.01960/123811796v.3

# EXHIBIT 1

FILED: KINGS COUNTY CLERK 03/17/2015 01:11 PM
NYSCEF DOC. NO. 1

INDEX NO. 503040/2015
RECEIVED NYSCEF: 03/17/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x

PENNYMAC CORP.

Plaintiff,

-against-

JUDY GROSS; YAAKOV GROSS; NEW YORK CITY
PARKING VIOLATIONS BUREAU; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; CITIBANK, NA;
GENERAL ELECTRIC CAPITAL CORPORATION; NEW
YORK STATE DEPARTMENT OF TAXATION & FINANCE;
TZVI ALTUSKY ; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; "JOHN DOES" AND "JANE DOES",
said names being fictitious, parties intended being possible
tenants or occupants of premises and corporations, other
entities or persons who have, claim, or may claim, a lien
against, or other interest in, the premises,

Defendant(s).

------------------------------------------------------------------------x

Index No.

D/O/F:

**SUMMONS**

Premises Address:
1447 HERKIMER STREET
BROOKLYN, NY 11233

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

<u>NOTICE</u>
**<u>YOU ARE IN DANGER OF LOSING YOUR HOME</u>**
**<u>If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home. Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.
Sending a payment to your mortgage company will not stop this foreclosure action.
YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.</u>**

<u>PLEASE BE AWARE:</u>

(1) that debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to:
    (i) the use or threat of violence;
    (ii) the use of obscene or profane language; and
    (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

(2) Debt collectors must also provide the following written notice:

"If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days."

The following notice is intended only for those defendants who are owners of the premises sought to be foreclosed or who are liable upon the debt for which the mortgage stands as security.

**YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The amount of the Debt: $522,040.95, consisting of principal balance of $383,010.98 plus interest of $115,318.62, escrow/impound shortages or credits of $19,550.60, late charges of $1,460.83; Broker's Price Opinion, inspection and miscellaneous charges of $390.50; surrogate search fee of $21.73; attorney fee $1,750.00 and title search $537.69. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive the check, in which event we will inform you.

The name of the creditor to whom the debt is owed: PENNYMAC CORP.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by Rosicki, Rosicki & Associates P.C.

If you notify Rosicki, Rosicki & Associates P.C. in writing within thirty (30) days after your receipt hereof that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you by Rosicki, Rosicki & Associates P.C.

Upon your written request within 30 days after receipt of this notice, Rosicki, Rosicki & Associates P.C. will provide you with the name and address of the original creditor if different from the current creditor.

Note: Your time to respond to the summons and complaint differs from your time to dispute the validity of the debt or to request the name and address of the original creditor. Although you have as few as 20 days to respond to the summons and complaint, depending on the manner of service, you still have 30 days from receipt of this summons to dispute the validity of the debt and to request the name and address of the original creditor.

TO THE DEFENDANTS, except YAAKOV GROSS: The Plaintiff makes no personal claim against you in this action.

TO THE DEFENDANTS: YAAKOV GROSS:  If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law suit is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. Even if a discharge has been obtained, this lawsuit to foreclose the mortgage will continue and we will seek a judgment authorizing the sale of the mortgaged premises.

Dated: March 17, 2015

Ijeoma Nduka, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
PENNYMAC CORP.

Plaintiff,

-against-

JUDY GROSS; YAAKOV GROSS; NEW YORK CITY
PARKING VIOLATIONS BUREAU; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; CITIBANK, NA;
GENERAL ELECTRIC CAPITAL CORPORATION; NEW
YORK STATE DEPARTMENT OF TAXATION & FINANCE;
TZVI ALTUSKY ; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; "JOHN DOES" and "JANE DOES", said
names being fictitious, parties intended being possible tenants
or occupants of premises and corporations, other entities or
persons who have, claim, or may claim, a lien against, or other
interest in, the premises,

Defendant(s).

-------------------------------------------------------------------------x

Index No.

D/O/F:

**COMPLAINT**

Premises Address:
1447 HERKIMER STREET
BROOKLYN, NY 11233

Plaintiff, by its attorney, ROSICKI, ROSICKI & ASSOCIATES, P.C., complaining of the Defendant(s) alleges, upon information and belief as follows:

1.      At all times hereinafter mentioned, plaintiff PENNYMAC CORP., was and still is duly organized and existing under the laws of the State of Delaware.

2.      At all times hereinafter mentioned, the defendants were, and still are, residents, corporations and/or bodies politics, duly authorized to reside and/or exist in and under the laws of New York State.

3.      On or about September 1, 2006, YAAKOV GROSS executed and delivered to BANK OF AMERICA, N.A., a note bearing date that day, whereby YAAKOV GROSS covenanted and agreed to pay the sum of $402,500.00, with interest on the unpaid balance thereof, at the rate of 6.75000 percent per annum, to be computed from the date of said note, by payments of $2,610.61 on October 1, 2006 and thereafter in payments of $2,610.61 on the like date of each subsequent month, until said note is fully paid, except that the final payment of principal and interest remaining due, if not sooner paid, shall become due and payable on September 1, 2036.  See note attached as an Exhibit hereto.

3a. Pursuant to RPAPL section 1302, the plaintiff has complied with all the provisions of Section 595a and Section 6-1 of the Banking Law except where they are exempt from doing so.

4.      As collateral security for the payment of said indebtedness, the aforesaid defendant(s) JUDY GROSS and YAAKOV GROSS, also executed, acknowledged and delivered to BANK OF AMERICA, N.A., a mortgage dated September 1, 2006 and recorded in the County of Kings on October 4, 2006 in CRFN: 2006000557979.  The mortgage tax was duly paid.  The aforesaid instruments were assigned to PENNYMAC CORP., by assignment of mortgage dated October 22, 2013 and recorded in CRFN: 2015000070768 in the County of Kings on March 2, 2015.

Said mortgaged premises being known as and by street address:
1447 HERKIMER STREET, BROOKLYN, NY 11233 bearing tax map designation:

Block:  1554  Lot(s):  61

Which premises are more fully described in Schedule "A," annexed hereto and made a part hereof.

     5.    Plaintiff

(a)    is holder of the subject note and mortgage, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and

(b)    has complied with all the provisions of section five hundred ninety-five-a of the Banking Law and any rules and regulations promulgated there under, section six-L or six-M of the Banking Law, and

(c)    is in compliance with sending the ninety (90) day notices as required by RPAPL §1304.

(d)    is in compliance with RPAPL §1306, if applicable. The tracking number provided by the New York State Department of Financial Services for the reporting is NYS3559598.

     6.    Said premises are subject to covenants, restrictions, easements of record, prior mortgages and liens, and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer agreements, and to utility agreements, municipal and governmental zoning, rules, regulations and ordinances, if any.

     7.    That the Mortgagors, their successors, assigns and/or transferees, have failed to comply with the terms and conditions of said above named instrument[s] by failing or omitting to pay the installment which became due and payable as of November 1, 2010 and also by failing or omitting to pay the installment which became due and payable each and every month thereafter, to the date hereof, although duly demanded.

     8.    The total monthly payment due as of default date to plaintiff is $2,995.15.

     9.    That the terms of the above described instruments provide: (1) that the whole of said principal sum and interest shall become due at the option of the Mortgagee after default in the payment of any installment of principal or of interest; (2) that upon any default the Mortgagor will pay to the Mortgagee any sums paid for taxes, charges, assessments, and insurance premiums upon said mortgaged premises; (3) that in case of sale under foreclosure, the premises may be sold in one parcel.

     10.    Pursuant to the terms of said instrument[s] notice of default has been duly given to the defendants JUDY GROSS and YAAKOV GROSS if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

     11.    That the balance of principal due upon said note and mortgage as of the date of said default and as of the time of this Complaint is $383,010.98 plus interest from October 1st, 2010.

12.     That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added, including legal fees to the sum otherwise due, with interest as provided in the aforesaid instruments, and be deemed secured by said instrument[s] and adjudged a valid lien on the premises hereinabove described.

13.     That the plaintiff requests that in the event this action proceeds to Judgment of Foreclosure and Sale, said premises be sold subject to covenants, restrictions and easements, prior mortgages and liens, and amendments, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal or governmental authority having jurisdiction thereof; and municipal, departmental and other governmental violations, if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

14.     That no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the said instrument[s].

15.     That the defendants all have or claim to have some interest in or lien[s] upon the said mortgaged premises, or some part thereof, which interest or lien[s], if any, has [have] accrued subsequently to the lien[s] of the said mortgage[s] or was in express terms or by law made subject thereto, or has [have] been duly subordinated thereunto.

16.     That the defendants "JOHN DOES" and "JANE DOES" may be tenants or may be in possession of the aforementioned premises, or may be corporations, other entities or persons who claim, or may claim, a lien against the premises.

17.     That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in either personal property or real property, if any, is set forth as Schedule "B."

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the Notice of Pendency of this action in the County of Kings may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivision, if it or they be a party to this action, to redeem as provided for in the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $383,010.98 plus interest from October 1st, 2010, and that from the money arising from the sale, plaintiff be paid the amount of $383,010.98 principal due it on said note and mortgage with interest and late charges that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance

premiums upon said mortgaged premises, with appropriate interest thereon so far as such moneys properly applicable thereto will pay the same; that the defendants YAAKOV GROSS be adjudged to pay any deficiency which may remain; that a Receiver, upon plaintiff's application therefore, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further relief as may be just and proper in the premises, together with attorney's fees, costs and disbursements of this action.

Dated: March 17, 2015

Ijeoma Nduka, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Herkimer Street distant 68 feet 9 inches easterly from the corner formed by the intersection of the northerly side of Herkimer Street, with the easterly side of Sackman Street;

RUNNING THENCE northerly parallel with Sackman Street, 100 feet;

THENCE easterly parallel with Herkimer Street, 43 feet 9 inches.

THENCE southerly parallel with Sackman Street, 100 feet to the northerly side of Herkimer Street and;

THENCE westerly along said side of Herkimer Street, 43 feet 9 inches to the point or place of BEGINNING.

## SCHEDULE B

YAAKOV GROSS is named herein as party defendant(s) because they are certified owners of the subject premises, are obligors on the note and they mortgaged their interest.

JUDY GROSS is named herein as party defendant(s) because they are certified owners of the subject premises and mortgaged their interest.

CITIBANK, NA is named herein as a party defendant because it has or claims to have judgment(s)/lien(s) against the subject premises, which are subordinate to the Plaintiff's mortgage. Copies of the judgment/liens are annexed hereto.

GENERAL ELECTRIC CAPITAL CORPORATION is named herein as a party defendant because it has or claims to have judgment(s)/lien(s) against the subject premises, which are subordinate to the Plaintiff's mortgage. Copies of the judgment/liens are annexed hereto.

TZVI ALTUSKY is named herein as a party defendant because it has or claims to have judgment(s)/lien(s) against the subject premises, which are subordinate to the Plaintiff's mortgage. Copies of the judgment/liens are annexed hereto.

NEW YORK CITY ENVIRONMENTAL CONTROL BOARD is named herein as a party defendant because it has or claims to have judgment(s)/lien(s) against the subject premises, which are subordinate to the Plaintiff's mortgage. Copies of the judgment/liens are annexed hereto.

NEW YORK CITY PARKING VIOLATIONS BUREAU is named as a party defendant herein because it may have or claims to have judgments or liens against the subject premises. Copies of the judgments or liens are unavailable due to the condition of the books in the county.

NEW YORK CITY TRANSIT ADJUDICATION BUREAU is named as a party defendant herein because it may have or claims to have judgments or liens against the subject premises. Copies of the judgments or liens are unavailable due to the condition of the books in the county.

Title No: 5138-14-014628

COUNTY CLERK SEARCH( 10/24/2014 ) SPECIAL NAME SEARCH

Last Name: ( GROSS )
First Name: ( JUDY )
COUNTY: ( KINGS )

Run Date: 10/06/2004 To: 10/24/2014
*********************************************************************

JUDGMENTS -

Kings County from ( 08/90 to 10/23/14 )

Search Parameters- Last:GROSS      First:JUDY

All Types Of Liens


Book Type -- Judgments Docket              Control No. 002763357-01
Judgment Type: JUDGMENTS                   Index # 3302/10
Court: Supreme Court                       Effective Date: 07/30/2010
                                           Expiration Date: 07/30/2030
                                           Docket Date:07/30/2010
                                           Date Received:08/02/2010
Debtor Info:
GROSS, JUDAH
253    BISHOP STREET
WATERBURY CT

Creditor Info:
ALTUSKY          , TZVI              judg cred
902    OCEAN PARKWAY
BK NY              11230-

Amount: $30,590.00
-----------------------------------------------------------------
                                           Control No. 000304117-01
Book Type -- Judgments Docket              Index # 11447/91
Judgment Type: TRANSCRIPT OF JUDGMENT      Effective Date: 07/30/1992
Court: District Court                      Expiration Date: 07/30/2013
                                           Docket Date:04/21/1993
                                           Date Received:03/12/2012
Debtor Info:
GROSS, JUDITH
1220   49TH ST
BK NY              11219-

Creditor Info:
YELLOW BOOK CO.
100    NORTH CENTRE AVE
ROCKVILLE CENTRE       11570-

Attorney:

```
JERRY I. LEFKOWITZ
3000   MARCUS AVENUE   SUITE 1W7
LAKE SUCCESS

Amount: $1,765.41

COM:04/21/1993-INDIV AND D/B/A JUDITH OF HUNGARY SKIN CARE CENTER
     BOTH AT ADDRESS            LISTED

END RETURNS
*****************************************************************

PVB - (Parking Violations Bureau - Ending Date 10/24/14)

Search Parameters- Last:GROSS    First:JUDY

END RETURNS
*****************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 09/30/14)

Search Parameters- Last:GROSS    First:JUDY

GROSS JUDY
1547 49 STREET
BROOKLYN, NY 11219
ECB Violation No.: 157356129      Date-04/07        JUDG CRED

Amt: $300.00
-----------------------------------------------------------------
GROSS JUDY
1547 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 32053335J      Date-07/08        JUDG CRED

Amt: $350.00
-----------------------------------------------------------------
END RETURNS
*****************************************************************

Uniform Commercial Code from ( 10/01/1988 - 10/23/14 )

Kings County
Search Parameters- Last:GROSS    First:JUDY

END RETURNS
*****************************************************************

Federal Tax Liens from ( 01/94 - 10/23/14 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:GROSS    First:JUDY

END RETURNS
```

```
***************************************************************

TAB - (Transit Adjudication Bureau - from 06/04/1986 to 10/17/14)

Search Parameters- Last:GROSS     First:JUDY

END RETURNS
***************************************************************
```

```
Last Name: ( GROSS )
First Name: ( YAAKOV )
COUNTY: ( KINGS )

Run Date: 10/06/2004 To: 10/24/2014
****************************************************************

JUDGMENTS -

Kings County from ( 08/90 to 10/23/14 )

Search Parameters- Last:GROSS    First:YAAKOV

All Types Of Liens


Block:      Lot:                    Control No. 003306009-02
Book Type -- Judgments Docket       Index # E0407839570001
Judgment Type: NY STATE TAX WARRANT Effective Date: 08/09/2014
Court:                              Expiration Date: 08/11/2034
                                    Docket Date:08/12/2014
                                    Date Received:08/12/2014

Debtor Info:
GROSS, YAAKOV
1218   53RD ST
BROOKLYN        NY 11219-3808
                                         JUDG CRED

Creditor Info:
NY STATE DEP'T OF TAXATION AND FINANCE


Amount: $953.13

COM:08/12/2014-SHEVA ADLER AND/OR YAAKOV GROSS          1218
    53RD ST              BROOKLYN , NY US 11219-3808
----------------------------------------------------------------
                                    Control No. 002955499-01
Book Type -- Judgments Docket       Index # CV010392 1
Judgment Type: TRANSCRIPT OF JUDGMENT Effective Date: 11/29/2011
Court: Civil Court                  Expiration Date: 12/15/2031
                                    Docket Date:12/15/2011
                                    Date Received:12/19/2011

Debtor Info:
GROSS, YAAKOV Y
1547   44TH ST
BK NY           11219-

Creditor Info:
GELERAL ELECTRIC CAPITAL CORP            JUDG CRED
280    PARK AVE
NY NY           10017-

Attorney:
```

```
FOSTER & WILKIND PC
80      5TH AVE STE 401
NY NY              10011-

Amount: $18,422.35
----------------------------------------------------------------
                                   Control No. 002960857-01
Book Type -- Judgments Docket      Index # CV010392
Judgment Type: TRANSCRIPT OF JUDGMENT   Effective Date: 11/29/2011
Court: Civil Court                 Expiration Date: 01/05/2032
                                   Docket Date:01/05/2012
                                   Date Received:01/06/2012

Debtor Info:
GROSS, YAAKOV Y
1547   44TH ST
BK NY              11219-

Creditor Info:
GENERAL ELECTRI CAPITAL CORPORATION
280    PARK AVE
NEW YORK NY        10017-              JUDG CRED

Attorney:
FOSTER & WOLKIND PC
80     5TH AVE
NEW YORK NY        10011-

Amount: $18,422.35
----------------------------------------------------------------
                                   Control No. 003257046-01
Book Type -- Judgments Docket      Index # 505/11
Judgment Type: JUDGMENTS           Effective Date: 03/06/2014
Court: Supreme Court               Expiration Date: 03/06/2034
                                   Docket Date:03/06/2014
                                   Date Received:03/07/2014

Debtor Info:
GROSS, YAAKOV Y
2360   FULTON ST
BROOKLYN NY        11233-

Creditor Info:
CITIBANK, NA
701    EAST 60TH ST  NORTH
SIOUX FALLS SD     57117-              JUDG CRED

Attorney:
RUBIN & ROTHMAN, LLC
1787   VETERANS HWY STE 32
ISLANDIA      NY   11749-

Amount: $41,544.14
----------------------------------------------------------------
END RETURNS
****************************************************************
```

PVB - (Parking Violations Bureau - Ending Date 10/24/14)

Search Parameters- Last:GROSS      First:YAAKOV

END RETURNS
****************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 09/30/14)

Search Parameters- Last:GROSS      First:YAAKOV

GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219                                    JUDG CRED
ECB Violation No.: 163596960      Date-04/09

Amt: $300.00
-------------------------------------------------------------
GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 160411983      Date-04/09

Amt: $25.00
-------------------------------------------------------------
GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 40544714X      Date-10/10

Amt: $300.00
-------------------------------------------------------------
GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 159530461      Date-01/09

Amt: $300.00
-------------------------------------------------------------
GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 40402265X      Date-10/08

Amt: $300.00
-------------------------------------------------------------
GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 173596821      Date-06/13

Amt: $300.00
-------------------------------------------------------------

```
GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 41606724R      Date-10/13

Amt: $300.00
------------------------------------------------------------
GROSS YAAKOV
1413 44 STREET
BROOKLYN, NY 11219
ECB Violation No.: 178055332      Date-01/14

Amt: $300.00
------------------------------------------------------------
YAAKOV GROSS
1547 44 STREET
BK, NY 11219
ECB Violation No.: 34612684Z      Date-07/08

Amt: $350.00
------------------------------------------------------------
END RETURNS
*****************************************************************

Uniform Commercial Code from ( 10/01/1988 - 10/23/14 )

Kings County
Search Parameters- Last:GROSS      First:YAAKOV

END RETURNS
*****************************************************************

Federal Tax Liens from ( 01/94 - 10/23/14 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:GROSS      First:YAAKOV

END RETURNS
*****************************************************************

TAB - (Transit Adjudication Bureau - from 06/04/1986 to 10/17/14)

Search Parameters- Last:GROSS      First:YAAKOV

END RETURNS
*****************************************************************
```

```
RPAD- (Real Property Assessment Data - Ending Date - 05/25/13)

Search Parameters- Kings County   Block: 01554     Lot: 00061

**** No Liability Assumed ****

Tax Payer - YACOV Y GROSS
Address - 01447 HERKIMER STREET
Section: 006 Block: 01554  Lot: 00061
Building Class: B2  Class: 1 Year Built: 1901 No. of Bldgs - 00001
Apts: 2 Units: 2
Lot Size: 43.75FT X 100.00FT  Corner:
Building Size: 20.00FT X 30.00FT   Stories - 2.00

Market Value: 384,000

13/14 Final Assessment Roll
Land - 8,331   Total - 12,164
Exempt Land - 0   Exempt Total - 0

10/11 Final Assessment Roll
Land - 9,815   Total - 11,942
Exempt Land - 0   Exempt Total - 0

------------------------------------------------------------------
END RETURNS
******************************************************************
```

LOAN #

# NOTE

SEPTEMBER 01, 2006          BROOKLYN                          NY
     [Date]                        [City]                    [State]
1447 HERKIMER STREET, BROOKLYN, NY 11233

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 402,500.00          (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is   BANK OF AMERICA, N.A.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     6.750     %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the   1ST   day of each month beginning on   OCTOBER 01, 2006   I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on   SEPTEMBER 01, 2036   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   BANK OF AMERICA, N.A., P.O. BOX 17404, BALTIMORE, MD 21297-1404   or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $     2,610.61     .

**NEW YORK FIXED RATE NOTE** — Single Family

Page 1 of 3

BS5N(NY) (0302)                      VMP MORTGAGE FORMS - (800)521-7291

SRNV 09/01/06 8:34 AM



## 4. BORROWER'S RIGHT TO PREPAY

I HAVE THE RIGHT TO MAKE PAYMENTS OF PRINCIPAL AT ANY TIME BEFORE THEY ARE DUE. A PAYMENT OF PRINCIPAL ONLY IS KNOWN AS A "PREPAYMENT." WHEN I MAKE A PREPAYMENT, I WILL TELL THE NOTE HOLDER IN WRITING THAT I AM DOING SO. I MAY NOT DESIGNATE A PAYMENT AS A PREPAYMENT IF I HAVE NOT MADE ALL THE MONTHLY PAYMENTS DUE UNDER THIS NOTE.

I MAY MAKE A FULL PREPAYMENT OR PARTIAL PREPAYMENT WITHOUT PAYING ANY PREPAYMENT CHARGE. AFTER PAYING ANY LATE FEES OR OUTSTANDING FEES THAT I OWE, THE NOTE HOLDER WILL USE MY PREPAYMENTS TO REDUCE THE AMOUNT OF PRINCIPAL THAT I OWE UNDER THIS NOTE. HOWEVER, THE NOTE HOLDER MAY APPLY MY PREPAYMENT TO THE ACCRUED AND UNPAID INTEREST ON THE PREPAYMENT AMOUNT BEFORE APPLYING MY PREPAYMENT TO REDUCE THE PRINCIPAL AMOUNT OF THIS NOTE. IF I MAKE A PARTIAL PREPAYMENT, THERE WILL BE NO CHANGES IN THE DUE DATES OR IN THE AMOUNT OF MY MONTHLY PAYMENT UNLESS THE NOTE HOLDER AGREES IN WRITING TO THOSE CHANGES.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    2.0    % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

BS5N(NY) (0302)                    Page 2 of 3
SRNY 09/01/06 8:34 AM

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Yaakov Y Gross by his attorney in fact   Judy Gross   9/1/06_ _____ (Seal)
YAAKOV Y GROSS BY JUDY GROSS, HIS ATTORNEY-IN-FACT                        -Borrower

_____ (Seal)
                                                  -Borrower

PAY TO THE ORDER OF _____ (Seal)
                                                  -Borrower

WITHOUT RECOURSE _____ (Seal)
BANK OF AMERICA, N.A.                             -Borrower

BY: _Christina M Schmitt_ _____ (Seal)
CHRISTINA M. SCHMITT                              -Borrower
ASSISTANT VICE PRESIDENT

_____ (Seal)
                                                  -Borrower

_____ (Seal)
                                                  -Borrower

_____ (Seal)
                                                  -Borrower

*(Sign Original Only)*

BS5N(NY) (0302)                         Page 3 of 3
         SRNY 09/01/06 8:34 AM ████

| **NYC DEPARTMENT OF FINANCE**<br>**OFFICE OF THE CITY REGISTER**<br><br>This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document. | <br><br>**2006092500263002001E3CED** |
|---|---|

| **RECORDING AND ENDORSEMENT COVER PAGE** | **PAGE 1 OF 24** |
|---|---|

| **Document ID:** 2006092500263002 | Document Date: 09-01-2006 | Preparation Date: 09-25-2006 |
|---|---|---|

Document Type: MORTGAGE
Document Page Count: 22

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| MADISON TITLE AGENCY, LLC<br>AS AGENT FOR OLD REPUBLIC<br>1125 OCEAN AVENUE<br>LAKEWOOD, NJ 08701<br>212-808-9400<br>PICKUP@MADISONTITLE.COM | JACKSONVILLE POST CLOSING<br>BANK OF AMERICA<br>9000 SOUTHSIDE BLVD., BLDG 700<br>JACKSONVILLE, FL 32256<br>MTANY-032616 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1554 | 61 | Entire Lot | 1447 HERKIMER STREET |

**Property Type:** DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year _____ Reel _____ Page _____ *or* File Number _____

### PARTIES

| **MORTGAGER/BORROWER:** | **MORTGAGEE/LENDER:** |
|---|---|
| YAAKOV Y. GROSS<br>1547 44TH STREET<br>BROOKLYN, NY 11219 | BANK OF AMERICA, N.A.<br>1400 BEST PLAZA DR., STE 101<br>RICHMOND, VA 23227 |

x Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage | | | Recording Fee: $ | 147.00 |
|---|---|---|---|---|
| Mortgage Amount: | $ | 402,500.00 | Affidavit Fee: $ | 0.00 |
| Taxable Mortgage Amount: | $ | 402,500.00 | NYC Real Property Transfer Tax Filing Fee: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 2,012.50 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 4,025.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | |
| TASF: | $ | 1,006.25 | **OF THE CITY REGISTER OF THE** | |
| MTA: | $ | 1,177.50 | **CITY OF NEW YORK** | |
| NYCTA: | $ | 0.00 | Recorded/Filed 10-04-2006 15:12 | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | |
| TOTAL: | $ | 8,221.25 | 2006000557979 | |

*Annette M Hill*

*City Register Official Signature*



2006092500263002001C3E6D

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 24 |
|---|---|---|
| Document ID: 2006092500263002 | Document Date: 09-01-2006 | Preparation Date: 09-25-2006 |
| Document Type: MORTGAGE | | |

**PARTIES**
**MORTGAGER/BORROWER:**
JUDY GROSS
1547 44TH STREET
BROOKLYN, NY 11219

*Two Family Dwelling*

Return To:   LOAN # ███████████
            FL9-700-01-01
            JACKSONVILLE POST CLOSING
            BANK OF AMERICA
            9000 SOUTHSIDE BLVD. , BLDG 700, FILE RECEIPT DEPT.
            JACKSONVILLE, FL 32256

Prepared By: RON JOHNSON
            BANK OF AMERICA, N.A.
            1400 BEST PLAZA DR, STE 101
            RICHMOND, VA 23227

———————————— [Space Above This Line For Recording Data] ————————————

LOAN # ████████████

# MORTGAGE

## WORDS USED OFTEN IN THIS DOCUMENT

**(A) "Security Instrument."** This document, which is dated        SEPTEMBER 01, 2006        ,
together with all Riders to this document, will be called the "Security Instrument."
**(B) "Borrower."**   YAAKOV Y GROSS AND JUDY GROSS

whose address is 1547 44TH STREET ,BROOKLYN NY 11219
                    sometimes will be called "Borrower" and sometimes simply "I" or "me."
**(C) "Lender."**   BANK OF AMERICA, N.A.

will be called "Lender." Lender is a corporation or association which exists under the laws of
THE UNITED STATES OF AMERICA          . Lender's address is 1400 BEST PLAZA DR,
STE 101, RICHMOND, VA 23227

**(D) "Note."** The note signed by Borrower and dated SEPTEMBER 01, 2006        , will be called
the "Note." The Note shows that I owe Lender  FOUR HUNDRED TWO THOUSAND FIVE HUNDRED
AND 00/100

                            Dollars (U.S. $       402,500.00      )

NEW YORK – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

███-6(NY) (000510)        Form 3033 1/01
Page  of 17          Initials:
VMP Mortgage Solutions, Inc. (800)521-7291        CLNY 09/01/06 8:34 AM

plus interest and other amounts that may be payable. I have promised to pay this debt in Periodic Payments and to pay the debt in full by SEPTEMBER 01, 2036 .

(E) "Property." The property that is described below in the section titled "Description of the Property," will be called the "Property."

(F) "Loan." The "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(G) "Sums Secured." The amounts described below in the section titled "Borrower's Transfer to Lender of Rights in the Property" sometimes will be called the "Sums Secured."

(H) "Riders." All Riders attached to this Security Instrument that are signed by Borrower will be called "Riders." The following Riders are to be signed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☒ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) "Applicable Law." All controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions will be called "Applicable Law."

(J) "Community Association Dues, Fees, and Assessments." All dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization will be called "Community Association Dues, Fees, and Assessments."

(K) "Electronic Funds Transfer." "Electronic Funds Transfer" means any transfer of money, other than by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Some common examples of an Electronic Funds Transfer are point-of-sale transfers (where a card such as an asset or debit card is used at a merchant), automated teller machine (or ATM) transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items." Those items that are described in Section 3 will be called "Escrow Items."

(M) "Miscellaneous Proceeds." "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than Insurance Proceeds, as defined in, and paid under the coverage described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) Condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of Condemnation or sale to avoid Condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property. A taking of the Property by any governmental authority by eminent domain is known as "Condemnation."

(N) "Mortgage Insurance." "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment." The regularly scheduled amount due for (i) principal and interest under the Note, and (ii) any amounts under Section 3 will be called "Periodic Payment."

(P) "RESPA." "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

—6(NY) (0005).01

CVNY 09/01/06 8:34 AM

Page 2 of 17

Initials:

Form 3033 1/01

## BORROWER'S TRANSFER TO LENDER OF RIGHTS IN THE PROPERTY

I mortgage, grant and convey the Property to Lender subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender those rights that are stated in this Security Instrument and also those rights that Applicable Law gives to lenders who hold mortgages on real property. I am giving Lender these rights to protect Lender from possible losses that might result if I fail to:

(A) Pay all the amounts that I owe Lender as stated in the Note including, but not limited to, all renewals, extensions and modifications of the Note;

(B) Pay, with interest, any amounts that Lender spends under this Security Instrument to protect the value of the Property and Lender's rights in the Property; and

(C) Keep all of my other promises and agreements under this Security Instrument and the Note.

## DESCRIPTION OF THE PROPERTY

I give Lender rights in the Property described in (A) through (G) below:

(A) The Property which is located at
1447 HERKIMER STREET                                                    [Street]
BROOKLYN                         [City, Town or Village], New York  11233        [Zip Code].
This Property is in QUEENS    *KINGS*                    County. It has the following legal description:

"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF."

(B) All buildings and other improvements that are located on the Property described in subsection (A) of this section;

(C) All rights in other property that I have as owner of the Property described in subsection (A) of this section. These rights are known as "easements and appurtenances attached to the Property;"

(D) All rights that I have in the land which lies in the streets or roads in front of, or next to, the Property described in subsection (A) of this section;

(E) All fixtures that are now or in the future will be on the Property described in subsections (A) and (B) of this section;

(F) All of the rights and property described in subsections (B) through (E) of this section that I acquire in the future; and

(G) All replacements of or additions to the Property described in subsections (B) through (F) of this section and all Insurance Proceeds for loss or damage to, and all Miscellaneous Proceeds of the Property described in subsections (A) through (F) of this section.

Initials:

-6(NY) (0005).01                        Page 3 of 17                        Form 3033  1/01
CWNY 09/01/06 8:34 AM

## Old Republic National Title Insurance Company

Title No.: MTANY-032616

### SCHEDULE A CONTINUED

#### LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Herkimer Street distant 68 feet 9 inches easterly from the corner formed by the intersection of the northerly side of Herkimer Street, with the easterly side of Sackman Street;

RUNNING THENCE northerly parallel with Sackman Street, 100 feet;

THENCE easterly parallel with Herkimer Street, 43 feet 9 inches.

THENCE southerly parallel with Sackman Street, 100 feet to the northerly side of Herkimer Street and;

THENCE westerly along said side of Herkimer Street, 43 feet 9 inches to the point or place of BEGINNING.

NOTE: Being District , Section , Block(s) 1554, Lot(s) 61, Tax M ap of the Borough of Brooklyn, County of Kings.

NOTE: Lot and Block shown for informational purposes only

Issued by:
**Madison Title Agency, LLC**
**1125 Ocean Avenue, Lakewood, NJ 08701**
**Telephone: 212-808-9400  Fax: 212-808-9420**

;032616.PFD/032616/7)

**BORROWER'S RIGHT TO MORTGAGE THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**

I promise that: (A) I lawfully own the Property; (B) I have the right to mortgage, grant and convey the Property to Lender; and (C) there are no outstanding claims or charges against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

**PLAIN LANGUAGE SECURITY INSTRUMENT**

This Security Instrument contains promises and agreements that are used in real property security instruments all over the country. It also contains other promises and agreements that vary in different parts of the country. My promises and agreements are stated in "plain language."

**COVENANTS**

I promise and I agree with Lender as follows:

1. **Borrower's Promise to Pay.** I will pay to Lender on time principal and interest due under the Note and any prepayment, late charges and other amounts due under the Note. I will also pay all amounts for Escrow Items under Section 3 of this Security Instrument.

Payments due under the Note and this Security Instrument shall be made in U.S. currency. If any of my payments by check or other payment instrument is returned to Lender unpaid, Lender may require my payment be made by: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location required in the Note, or at another location designated by Lender under Section 15 of this Security Instrument. Lender may return or accept any payment or partial payment if it is for an amount that is less than the amount that is then due. If Lender accepts a lesser payment, Lender may refuse to accept a lesser payment that I may make in the future and does not waive any of its rights. Lender is not obligated to apply such lesser payments when it accepts such payments. If interest on principal accrues as if all Periodic Payments had been paid when due, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until I make payments to bring the Loan current. If I do not do so within a reasonable period of time, Lender will either apply such funds or return them to me. In the event of foreclosure, any unapplied funds will be applied to the outstanding principal balance immediately prior to foreclosure. No offset or claim which I might have now or in the future against Lender will relieve me from making payments due under the Note and this Security Instrument or keeping all of my other promises and agreements secured by this Security Instrument.

2. **Application of Borrower's Payments and Insurance Proceeds.** Unless Applicable Law or this Section 2 requires otherwise, Lender will apply each of my payments that Lender accepts in the following order:

First, to pay interest due under the Note;

Next, to pay principal due under the Note; and

Next, to pay the amounts due Lender under Section 3 of this Security Instrument.

Such payments will be applied to each Periodic Payment in the order in which it became due. Any remaining amounts will be applied as follows:

First, to pay any late charges;

Next, to pay any other amounts due under this Security Instrument; and

Next, to reduce the principal balance of the Note.

-6(NY) (0005) 01
CVNY 09/01/06 8:34 AM

Page 4 of 17

Initials:

Form 3033 1/01

If Lender receives a payment from me for a late Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the late Periodic Payment and the late charge. If more than one Periodic Payment is due, Lender may apply any payment received from me: First, to the repayment of the Periodic Payments that are due if, and to the extent that, each payment can be paid in full; Next, to the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due.

Voluntary prepayments will be applied as follows: First, to any prepayment charges; and Next, as described in the Note.

Any application of payments, Insurance Proceeds, or Miscellaneous Proceeds to principal due under the Note will not extend or postpone the due date of the Periodic Payments or change the amount of those payments.

3. **Monthly Payments For Taxes And Insurance.**

(a) **Borrower's Obligations.**

I will pay to Lender all amounts necessary to pay for taxes, assessments, water charges, sewer rents and other similar charges, ground leasehold payments or rents (if any), hazard or property insurance covering the Property, flood insurance (if any), and any required Mortgage Insurance, or a Loss Reserve as described in Section 10 in the place of Mortgage Insurance. Each Periodic Payment will include an amount to be applied toward payment of the following items which are called "Escrow Items:"

(1) The taxes, assessments, water charges, sewer rents and other similar charges, on the Property which under Applicable Law may be superior to this Security Instrument as a Lien on the Property. Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a "Lien;"

(2) The leasehold payments or ground rents on the Property (if any);

(3) The premium for any and all insurance required by Lender under Section 5 of this Security Instrument;

(4) The premium for Mortgage Insurance (if any);

(5) The amount I may be required to pay Lender under Section 10 of this Security Instrument instead of the payment of the premium for Mortgage Insurance (if any); and

(6) If required by Lender, the amount for any Community Association Dues, Fees, and Assessments.

After signing the Note, or at any time during its term, Lender may include these amounts as Escrow Items. The monthly payment I will make for Escrow Items will be based on Lender's estimate of the annual amount required.

I will pay all of these amounts to Lender unless Lender tells me, in writing, that I do not have to do so, or unless Applicable Law requires otherwise. I will make these payments on the same day that my Periodic Payments of principal and interest are due under the Note.

The amounts that I pay to Lender for Escrow Items under this Section 3 will be called "Escrow Funds." I will pay Lender the Escrow Funds for Escrow Items unless Lender waives my obligation to pay the Escrow Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Escrow Funds for any or all Escrow Items at any time. Any such waiver must be in writing. In the event of such waiver, I will pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Escrow Funds has been waived by Lender and, if Lender requires, will promptly send to Lender receipts showing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts will be considered to be a promise and agreement contained in this Security Instrument, as the phrase "promises and agreements" is used in Section 9 of this Security Instrument. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may pay that amount and I will then be obligated under Section 9 of this Security Instrument to repay to Lender. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 of this Security Instrument and, upon the revocation, I will pay to Lender all Escrow Funds, and in amounts, that are then required under this Section 3.

Initials:

I promise to promptly send to Lender any notices that I receive of Escrow Item amounts to be paid. Lender will estimate from time to time the amount of Escrow Funds I will have to pay by using existing assessments and bills and reasonable estimates of the amount I will have to pay for Escrow Items in the future, unless Applicable Law requires Lender to use another method for determining the amount I am to pay.

Lender may, at any time, collect and hold Escrow Funds in an amount sufficient to permit Lender to apply the Escrow Funds at the time specified under RESPA. Applicable Law puts limits on the total amount of Escrow Funds Lender can at any time collect and hold. This total amount cannot be more than the maximum amount a lender could require under RESPA. If there is another Applicable Law that imposes a lower limit on the total amount of Escrow Funds Lender can collect and hold, Lender will be limited to the lower amount.

(b) Lender's Obligations.

Lender will keep the Escrow Funds in a savings or banking institution which has its deposits insured by a federal agency, instrumentality, or entity, or in any Federal Home Loan Bank. If Lender is such a savings or banking institution, Lender may hold the Escrow Funds. Lender will use the Escrow Funds to pay the Escrow Items no later than the time allowed under RESPA or other Applicable Law. Lender will give to me, without charge, an annual accounting of the Escrow Funds. That accounting will show all additions to and deductions from the Escrow Funds and the reason for each deduction.

Lender may not charge me for holding or keeping the Escrow Funds, for using the Escrow Funds to pay Escrow Items, for making a yearly analysis of my payment of Escrow Funds or for receiving, or for verifying and totaling assessments and bills. However, Lender may charge me for these services if Lender pays me interest on the Escrow Funds and if Applicable Law permits Lender to make such a charge. Lender will not be required to pay me any interest or earnings on the Escrow Funds unless either (1) Lender and I agree in writing that Lender will pay interest on the Escrow Funds, or (2) Applicable Law requires Lender to pay interest on the Escrow Funds.

(c) Adjustments to the Escrow Funds.

Under Applicable Law, there is a limit on the amount of Escrow Funds Lender may hold. If the amount of Escrow Funds held by Lender exceeds this limit, then there will be an excess amount and RESPA requires Lender to account to me in a special manner for the excess amount of Escrow Funds.

If, at any time, Lender has not received enough Escrow Funds to make the payments of Escrow Items when the payments are due, Lender may tell me in writing that an additional amount is necessary. I will pay to Lender whatever additional amount is necessary to pay the Escrow Items when the payments are due, but the number of payments will not be more than 12.

When I have paid all of the Sums Secured, Lender will promptly refund to me any Escrow Funds that are then being held by Lender.

4. Borrower's Obligation to Pay Charges, Assessments and Claims. I will pay all taxes, assessments, water charges, sewer rents and other similar charges, and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument. I will also make ground rents or payments due under my lease if I am a tenant on the Property and Community Association Dues, Fees, and Assessments (if any) due on the Property. If these items are Escrow Items, I will do this by making the payments as described in Section 3 of this Security Instrument. In this Security Instrument, the word "Person" means any individual, organization, governmental authority or other party.

I will promptly pay or satisfy all Liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior Lien if: (a) I agree, in writing, to pay the obligation which gave rise to the superior Lien and Lender approves the way in which I agree to pay that obligation, but only so long as I am performing such agreement; (b) in good faith, I argue or defend against the superior Lien in a lawsuit so that in Lender's opinion, during the lawsuit, the superior Lien may not be enforced, but

-6(NY) (0005).01

CVNY 09/01/06 8:34 AM

Page 6 of 17

Initials:

Form 3033 1/01

only until the lawsuit ends; or (c) I secure from the holder of that other Lien an agreement, approved in writing by Lender, that the Lien of this Security Instrument is superior to the Lien held by that Person. If Lender determines that any part of the Property is subject to a superior Lien, Lender may give Borrower a notice identifying the superior Lien. Within 10 days of the date on which the notice is given, Borrower shall pay or satisfy the superior Lien or take one or more of the actions mentioned in this Section 4.

Lender also may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with the Loan, unless Applicable Law does not permit Lender to make such a charge.

**5. Borrower's Obligation to Maintain Hazard Insurance or Property Insurance.** I will obtain hazard or property insurance to cover all buildings and other improvements that now are, or in the future will be, located on the Property. The insurance will cover loss or damage caused by fire, hazards normally covered by "Extended Coverage" hazard insurance policies, and any other hazards for which Lender requires coverage, including, but not limited to earthquakes and floods. The insurance will be in the amounts (including, but not limited to, deductible levels) and for the periods of time required by Lender. What Lender requires under the last sentence can change during the term of the Loan. I may choose the insurance company, but my choice is subject to Lender's right to disapprove. Lender may not disapprove my choice unless the disapproval is reasonable. Lender may require me to pay either (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect the flood zone determination or certification. If I disagree with the flood zone determination, I may request the Federal Emergency Management Agency to review the flood zone determination and I promise to pay any fees charged by the Federal Emergency Management Agency for its review.

If I fail to maintain any of the insurance coverages described above, Lender may obtain insurance coverage, at Lender's option and my expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage will cover Lender, but might or might not protect me, my equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. I acknowledge that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that I could have obtained. Any amounts disbursed by Lender under this Section 5 will become my additional debt secured by this Security Instrument. These amounts will bear interest at the interest rate set forth in the Note from the date of disbursement and will be payable with such interest, upon notice from Lender to me requesting payment.

All of the insurance policies and renewals of those policies will include what is known as a "Standard Mortgage Clause" to protect Lender and will name Lender as mortgagee and/or as an additional loss payee. The form of all policies and renewals will be acceptable to Lender. Lender will have the right to hold the policies and renewal certificates. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy will include a Standard Mortgage Clause and will name Lender as mortgagee and/or as an additional loss payee.

If there is a loss or damage to the Property, I will promptly notify the insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company for loss or damage to the Property is called "Insurance Proceeds." Unless Lender and I otherwise agree in writing, any Insurance Proceeds, whether or not the underlying insurance was required by Lender, will be used to repair or to restore the damaged Property unless: (a) it is not economically feasible to make the repairs or restoration; (b) the use of the Insurance Proceeds for that purpose would lessen the protection

given to Lender by this Security Instrument; or (c) Lender and I have agreed in writing not to use the Insurance Proceeds for that purpose. During the period that any repairs or restorations are being made, Lender may hold any Insurance Proceeds until it has had an opportunity to inspect the Property to verify that the repair work has been completed to Lender's satisfaction. However, this inspection will be done promptly. Lender may make payments for the repairs and restorations in a single payment or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires otherwise, Lender is not required to pay me any interest or earnings on the Insurance Proceeds. I will pay for any public adjusters or other third parties that I hire, and their fees will not be paid out of the Insurance Proceeds. If the repair or restoration is not economically feasible or if it would lessen Lender's protection under this Security Instrument, then the Insurance Proceeds will be used to reduce the amount that I owe to Lender under this Security Instrument. Such Insurance Proceeds will be applied in the order provided for in Section 2. If any of the Insurance Proceeds remain after the amount that I owe to Lender has been paid in full, the remaining Insurance Proceeds will be paid to me.

If I abandon the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may negotiate and settle the claim. The 30 day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 of this Security Instrument or otherwise, I give Lender my rights to any Insurance Proceeds in an amount not greater than the amounts unpaid under the Note and this Security Instrument. I also give Lender any other of my rights (other than the right to any refund of unearned premiums that I paid) under all insurance policies covering the Property, if the rights are applicable to the coverage of the Property. Lender may use the Insurance Proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Borrower's Obligations to Occupy The Property.** I will occupy the Property and use the Property as my principal residence within 60 days after I sign this Security Instrument. I will continue to occupy the Property and to use the Property as my principal residence for at least one year. The one-year period will begin when I first occupy the Property. However, I will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if Lender agrees in writing that I do not have to do so. Lender may not refuse to agree unless the refusal is reasonable. I also will not have to occupy the Property and use the Property as my principal residence within the time frames set forth above if extenuating circumstances exist which are beyond my control.

**7. Borrower's Obligations to Maintain And Protect The Property And to Fulfill Any Lease Obligations.**

**(a) Maintenance and Protection of the Property.**

I will not destroy, damage or harm the Property, and I will not allow the Property to deteriorate. Whether or not I am residing in the Property, I will keep the Property in good repair so that it will not deteriorate or decrease in value due to its condition. Unless it is determined under Section 5 of this Security Instrument that repair is not economically feasible, I will promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or Condemnation (as defined in the definition of Miscellaneous Proceeds) proceeds are paid because of loss or damage to, or Condemnation of, the Property, I will repair or restore the Property only if Lender has released those proceeds for such purposes. Lender may pay for the repairs and restoration out of proceeds in a single payment or in a series of progress payments as the work is completed. If the insurance or Condemnation proceeds are not sufficient to repair or restore the Property, I promise to pay for the completion of such repair or restoration.

**(b) Lender's Inspection of Property.**

Lender, and others authorized by Lender, may enter on and inspect the Property. They will do so in a reasonable manner and at reasonable times. If it has a reasonable purpose, Lender may inspect the inside of the home or other improvements on the Property. Before or at the time an inspection is made, Lender will give me notice stating a reasonable purpose for such interior inspection.

-6(NY) (0005).01                    Page 6 of 17                                Form 3033 1/01

CVNY 09/01/06 8:34 AM

Initials:

**8. Borrower's Loan Application.** If, during the application process for the Loan, I, or any Person or entity acting at my direction or with my knowledge or consent, made false, misleading, or inaccurate statements to Lender about information important to Lender in determining my eligibility for the Loan (or did not provide Lender with such information), Lender will treat my actions as a default under this Security Instrument. False, misleading, or inaccurate statements about information important to Lender would include a misrepresentation of my intention to occupy the Property as a principal residence. This is just one example of a false, misleading, or inaccurate statement of important information.

**9. Lender's Right to Protect Its Rights in The Property.** If: (a) I do not keep my promises and agreements made in this Security Instrument; (b) someone, including me, begins a legal proceeding that may significantly affect Lender's interest in the Property or rights under this Security Instrument (such as a legal proceeding in bankruptcy, in probate, for Condemnation or Forfeiture (as defined in Section 11), proceedings which could give a Person rights which could equal or exceed Lender's interest in the Property or under this Security Instrument, proceedings for enforcement of a Lien which may become superior to this Security Instrument, or to enforce laws or regulations); or (c) I have abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and Lender's rights under this Security Instrument.

Lender's actions may include, but are not limited to: (a) protecting and/or assessing the value of the Property; (b) securing and/or repairing the Property; (c) paying sums to eliminate any Lien against the Property that may be equal or superior to this Security Instrument; (d) appearing in court; and (e) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Lender can also enter the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, have utilities turned on or off, and take any other action to secure the Property. Although Lender may take action under this Section 9, Lender does not have to do so and is under no duty to do so. I agree that Lender will not be liable for not taking any or all actions under this Section 9.

I will pay to Lender any amounts, with interest, which Lender spends under this Section 9. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. I will pay interest on those amounts at the interest rate set forth in the Note. Interest on each amount will begin on the date that the amount is spent by Lender. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

If I do not own, but am a tenant on the Property, I will fulfill all my obligations under my lease. I also agree that, if I acquire the full title (sometimes called "Fee Title") to the Property, my lease interest and the Fee Title will not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, I will pay the premiums for the Mortgage Insurance. If, for any reason, the Mortgage Insurance coverage ceases to be available from the mortgage insurer that previously provided such insurance and Lender required me to make separate payments toward the premiums for Mortgage Insurance, I will pay the premiums for substantially equivalent Mortgage Insurance coverage from an alternate mortgage insurer. However, the cost of this Mortgage Insurance coverage will be substantially equivalent to the cost to me of the previous Mortgage Insurance coverage, and the alternate mortgage insurer will be selected by Lender.

If substantially equivalent Mortgage Insurance coverage is not available, Lender will establish a non-refundable "Loss Reserve" as a substitute for the Mortgage Insurance coverage. I will continue to pay to Lender each month an amount equal to one-twelfth of the yearly Mortgage Insurance premium (as of the time the coverage lapsed or ceased to be in effect). Lender will retain these payments, and will use these payments to pay for losses that the Mortgage Insurance

would have covered. The Loss Reserve is non-refundable even if the Loan is ultimately paid in full and Lender is not required to pay me any interest on the Loss Reserve. Lender can no longer require Loss Reserve payments if: (a) Mortgage Insurance coverage again becomes available through an insurer selected by Lender; (b) such Mortgage Insurance is obtained; (c) Lender requires separately designated payments toward the premiums for Mortgage Insurance; and (d) the Mortgage Insurance coverage is in the amount and for the period of time required by Lender.

If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separate payments toward the premiums for Mortgage Insurance, I will pay the Mortgage Insurance premiums, or the Loss Reserve payments, until the requirement for Mortgage Insurance ends according to any written agreement between Lender and me providing for such termination or until termination of Mortgage Insurance is required by Applicable Law. Lender may require me to pay the premiums, or the Loss Reserve payments, in the manner described in Section 3 of this Security Instrument. Nothing in this Section 10 will affect my obligation to pay interest at the rate provided in the Note.

A Mortgage Insurance policy pays Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance policy.

Mortgage insurers assess their total risk on all Mortgage Insurance from time to time. Mortgage insurers may enter into agreements with other parties to share or change their risk, or to reduce losses. These agreements are based on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include Mortgage Insurance premiums).

As a result of these agreements, Lender, any owner of the Note, another insurer, any reinsurer, or any other entity may receive (directly or indirectly) amounts that come from a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or changing the mortgage insurer's risk, or reducing losses. If these agreements provide that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." It also should be understood that: (a) any of these agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. These agreements will not increase the amount Borrower will owe for Mortgage Insurance, or any other terms of the Loan. These agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund; and (b) any of these agreements will not affect the rights Borrower has - if any - regarding the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right (a) to receive certain disclosures, (b) to request and obtain cancellation of the Mortgage Insurance, (c) to have the Mortgage Insurance terminated automatically, and/or (d) to receive a refund of any Mortgage Insurance premiums that were not earned at the time of such cancellation or termination.

**11. Agreements About Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are assigned to and will be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds will be applied to restoration or repair of the Property, if (a) the restoration or repair is economically feasible, and (b) Lender's security given in this Security Instrument is not lessened. During such repair and restoration period, Lender will have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect the Property to verify that the work has been completed to Lender's satisfaction. However, this inspection will be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless Lender and I agree otherwise in writing or unless Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender will not be required to pay Borrower any interest or earnings on the Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security given in this Security Instrument would be lessened, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me. Such Miscellaneous Proceeds will be applied in the order provided for in Section 2.

-6(NY) (0005) 01                                      Page 10 of 17                        Form 3033 1/01

CVNY 09/01/06 8:34 AM

Initials: _____

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds will be applied to the Sums Secured, whether or not then due. The excess, if any, will be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in value, the Sums Secured will be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the Sums Secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to me.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the Sums Secured immediately before the partial taking, destruction, or loss in value, the Miscellaneous Proceeds will be applied to the Sums Secured whether or not the sums are then due.

If I abandon the Property, or if, after Lender sends me notice that the Opposing Party (as defined in the next sentence) offered to make an award to settle a claim for damages, I fail to respond to Lender within 30 days after the date Lender gives notice, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the Sums Secured, whether or not then due. "Opposing Party" means the third party that owes me Miscellaneous Proceeds or the party against whom I have a right of action in regard to Miscellaneous Proceeds.

I will be in default under this Security Instrument if any civil or criminal action or proceeding that Lender determines could result in a court ruling (a) that would require Forfeiture of the Property, or (b) that could damage Lender's interest in the Property or rights under this Security Instrument. "Forfeiture" is a court action to require the Property, or any part of the Property, to be given up. I may correct the default by obtaining a court ruling that dismisses the court action, if Lender determines that this court ruling prevents Forfeiture of the Property and also prevents any damage to Lender's interest in the Property or rights under this Security Instrument. If I correct the default, I will have the right to have enforcement of this Security Instrument discontinued, as provided in Section 19 of this Security Instrument, even if Lender has required Immediate Payment in Full (as defined in Section 22). The proceeds of any award or claim for damages that are attributable to the damage or reduction of Lender's interest in the Property are assigned, and will be paid, to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property will be applied in the order provided for in Section 2.

**12. Continuation of Borrower's Obligations And of Lender's Rights.**

**(a) Borrower's Obligations.**

Lender may allow me, or a Person who takes over my rights and obligations, to delay or to change the amount of the Periodic Payments. Even if Lender does this, however, I will still be fully obligated under the Note and under this Security Instrument unless Lender agrees to release me, in writing, from my obligations.

Lender may allow those delays or changes for me or a Person who takes over my rights and obligations, even if Lender is requested not to do so. Even if Lender is requested to do so, Lender will not be required to (1) bring a lawsuit against me or such a Person for not fulfilling obligations under the Note or under this Security Instrument, or (2) refuse to extend time for payment or otherwise modify amortization of the Sums Secured.

**(b) Lender's Rights.**

Even if Lender does not exercise or enforce any right of Lender under this Security Instrument or under Applicable Law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if: (1) Lender obtains insurance, pays taxes, or pays other claims, charges or Liens against the Property; (2) Lender accepts payments from third Persons; or (3) Lender accepts payments in amounts less than the amount then due, Lender will have the right under Section 22 below to demand that I make Immediate Payment in Full of any amounts remaining due and payable to Lender under the Note and under this Security Instrument.

Initials: _____

-6(NY) (0005).01   Page 11 of 17   Form 3033  1/01

CVNY  08/01/06 8:34 AM

**13. Obligations of Borrower And of Persons Taking Over Borrower's Rights or Obligations.** If more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured. However, if one of us does not sign the Note: (a) that Person is signing this Security Instrument only to give that Person's rights in the Property to Lender under the terms of this Security Instrument; (b) that Person is not personally obligated to pay the Sums Secured; and (c) that Person agrees that Lender may agree with the other Borrowers to delay enforcing any of Lender's rights, to modify, or make any accommodations with regard to the terms of this Security Instrument or the Note without that Person's consent.

Subject to the provisions of Section 18 of this Security Instrument, any Person who takes over my rights or obligations under this Security Instrument in writing, and is approved by Lender in writing, will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Borrower will not be released from Borrower's obligations and liabilities under this Security Instrument unless Lender agrees to such release in writing. Any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's promises and agreements made in this Security Instrument except as provided under Section 20.

**14. Loan Charges.** Lender may charge me fees for services performed in connection with my default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. With regard to other fees, the fact that this Security Instrument does not expressly indicate that Lender may charge a certain fee does not mean that Lender cannot charge that fee. Lender may not charge fees that are prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to Applicable Law which sets maximum loan charges, and that Applicable Law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed permitted limits: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. Lender may choose to make this refund be reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (even if a prepayment charge is provided for under the Note). If I accept such a refund that is paid directly to me, I will waive any right to bring a lawsuit against Lender because of the overcharge.

**15. Notices Required under this Security Instrument.** All notices given by me or Lender in connection with this Security Instrument will be in writing. Any notice to me in connection with this Security Instrument is considered given to me when mailed by first class mail or when actually delivered to my notice address if sent by other means. Notice to any one Borrower will be notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address is the address of the Property unless I give notice to Lender of a different address. I will promptly notify Lender of my change of address. If Lender specifies a procedure for reporting my change of address, then I will only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender will be given by delivering it or by mailing it by first class mail to Lender's address stated on the first page of this Security Instrument unless Lender has given me notice of another address. Any notice in connection with this Security Instrument is given to Lender when it is actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Law That Governs this Security Instrument; Word Usage.** This Security Instrument is governed by federal law and the law of New York State. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might allow the parties to agree by contract or it might be silent, but such silence does not mean that Lender and I cannot agree by contract. If any term of this Security Instrument or of the Note conflicts with Applicable Law, the conflict will not affect other provisions of this Security Instrument or the Note which can operate, or be given effect, without the conflicting

-6(NY) (0005).01                                   Page 12 of 17                   Initials: _____          Form 3033 1/01
CVNY 09/01/06 8:34 AM

provision. This means that the Security Instrument or the Note will remain as if the conflicting provision did not exist.

As used in this Security Instrument: (a) words of the masculine gender mean and include corresponding words of the feminine and neuter genders; (b) words in the singular mean and include the plural, and words in the plural mean and include the singular; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** I will be given one copy of the Note and of this Security Instrument.

**18. Agreements about Lender's Rights If the Property Is Sold or Transferred.** Lender may require Immediate Payment in Full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Borrower's prior written permission. If Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require Immediate Payment in Full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires Immediate Payment in Full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

**19. Borrower's Right to Have Lender's Enforcement of this Security Instrument Discontinued.** Even if Lender has required Immediate Payment in Full, I may have the right to have enforcement of this Security Instrument stopped. I will have this right at any time before the earliest of: (a) five days before sale of the Property under any power of sale granted by this Security Instrument; (b) another period as Applicable Law might specify for the termination of my right to have enforcement of the Loan stopped; or (c) a judgment has been entered enforcing this Security Instrument. In order to have this right, I will meet the following conditions:

(a) I pay to Lender the full amount that then would be due under this Security Instrument and the Note as if Immediate Payment in Full had never been required;

(b) I correct my failure to keep any of my other promises or agreements made in this Security Instrument;

(c) I pay all of Lender's reasonable expenses in enforcing this Security Instrument including, for example, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and

(d) I do whatever Lender reasonably requires to assure that Lender's interest in the Property and rights under this Security Instrument and my obligations under the Note and under this Security Instrument continue unchanged.

Lender may require that I pay the sums and expenses mentioned in (a) through (d) in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer.

If I fulfill all of the conditions in this Section 19, then this Security Instrument will remain in full effect as if Immediate Payment in Full had never been required. However, I will not have the right to have Lender's enforcement of this Security Instrument discontinued if Lender has required Immediate Payment in Full under Section 18 of this Security Instrument.

**20. Note Holder's Right to Sell the Note or an Interest in the Note; Borrower's Right to Notice of Change of Loan Servicer; Lender's and Borrower's Right to Notice of Grievance.** The Note, or an interest in the Note, together with this Security Instrument, may be sold one or more times. I might not receive any prior notice of these sales.

The entity that collects the Periodic Payments and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law is called the "Loan Servicer." There may be a change of the Loan Servicer as a result of the sale of the Note. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. Applicable Law requires that I be given written notice of any change of the Loan Servicer. The notice will state the name and address of the new Loan Servicer, and also tell me the address to which I should make my payments. The notice also will contain any other information required by RESPA or Applicable

Law. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to me will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither I nor Lender may commence, join or be joined to any court action (as either an individual party or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other has not fulfilled any of its obligations under this Security Instrument, unless the other is notified (in the manner required under Section 15 of this Security Instrument) of the unfulfilled obligation and given a reasonable time period to take corrective action. If Applicable Law provides a time period which will elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to me under Section 22 and the notice of the demand for payment in full given to me under Section 22 will be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20. All rights under this paragraph are subject to Applicable Law.

**21. Continuation of Borrower's Obligations to Maintain and Protect the Property.** The federal laws and the laws of New York State that relate to health, safety or environmental protection are called "Environmental Law." Environmental Law classifies certain substances as toxic or hazardous. There are other substances that are considered hazardous for purposes of this Section 21. These substances are gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. The substances defined as toxic or hazardous by Environmental Law and the substances considered hazardous for purposes of this Section 21 are called "Hazardous Substances." "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law. An "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

I will not do anything affecting the Property that violates Environmental Law, and I will not allow anyone else to do so. I will not cause or permit Hazardous Substances to be present on the Property. I will not use or store Hazardous Substances on the Property. I also will not dispose of Hazardous Substances on the Property, or release any Hazardous Substance on the Property, and I will not allow anyone else to do so. I also will not do, nor allow anyone else to do, anything affecting the Property that: (a) is in violation of any Environmental Law; (b) creates an Environmental Condition; or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The promises in this paragraph do not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized as appropriate for normal residential use and maintenance of the Property (including, but not limited to, Hazardous Substances in consumer products). I may use or store these small quantities on the Property. In addition, unless Environmental Law requires removal or other action, the buildings, the improvements and the fixtures on the Property are permitted to contain asbestos and asbestos-containing materials if the asbestos and asbestos-containing materials are undisturbed and "non-friable" (that is, not easily crumbled by hand pressure).

I will promptly give Lender written notice of: (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge; (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance; and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If I learn, or any governmental or regulatory authority, or any private party, notifies me that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I will promptly take all necessary remedial actions in accordance with Environmental Law.

Nothing in this Security Instrument creates an obligation on Lender for an Environmental Cleanup.

**NON-UNIFORM COVENANTS**

I also promise and agree with Lender as follows:

**22. Lender's Rights If Borrower Fails to Keep Promises and Agreements. Except as provided in Section 18 of this Security Instrument, if all of the conditions stated in**

Initials: _____

-6(NY) (0005)....     Page 14 of 17     Form 3033 1/01

CVN7 09/01/06 8:34 AM

subsections (a), (b) and (c) of this Section 22 are met, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called "Immediate Payment in Full."

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining rights in the Property and have the Property sold. At this sale Lender or another Person may acquire the Property. This is known as "Foreclosure and Sale." In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount I owe Lender, which fees shall become part of the Sums Secured.

Lender may require Immediate Payment in Full under this Section 22 only if all of the following conditions are met:

(a) I fail to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;

(b) Lender sends to me, in the manner described in section 15 of this Security Instrument, a notice that states:

    (1) The promise or agreement that I failed to keep or the default that has occurred;

    (2) The action that I must take to correct that default;

    (3) A date by which I must correct the default. That date will be at least 30 days from the date on which the notice is given;

    (4) That if I do not correct the default by the date stated in the notice, Lender may require Immediate Payment in Full, and Lender or another Person may acquire the Property by means of Foreclosure and Sale;

    (5) That if I meet the conditions stated in Section 19 of this Security Instrument, I will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if Immediate Payment in Full had never been required; and

    (6) That I have the right in any lawsuit for Foreclosure and Sale to argue that I did keep my promises and agreements under the Note and under this Security Instrument, and to present any other defenses that I may have; and

(c) I do not correct the default stated in the notice from Lender by the date stated in that notice.

23. Lender's Obligation to Discharge this Security Instrument. When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. I will pay all costs of recording the discharge in the proper official records. I agree to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that I pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

24. Agreements about New York Lien Law. I will receive all amounts lent to me by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that I will: (a) hold all amounts which I receive and which I have a right to receive from Lender under the Note as a trust fund; and (b) use those amounts to pay for "Cost of Improvement" (as defined in Section 13 of the New York Lien Law) before I use them for any other purpose. The fact that I am holding those amounts as a trust fund means that for any building or other improvement located on the Property I have a special responsibility under the law to use the amount in the manner described in this Section 24.

-6(NY) (0005).01

CVNY 03/01/06 8:34 AM

Page 15 of 17

Form 3033 1/01

Initials

25. **Borrower's Statement Regarding the Property** [check box as applicable].

☐ This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

☒ This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐ This Security Instrument does not cover real property improved as described above.

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in pages 1 through 17 of this Security Instrument and in any Rider signed by me and recorded with it.

Witnesses:

_____

Yaakov Y Gross by his attorney in fact _____ (Seal)
YAAKOV Y GROSS BY JUDY GROSS, HIS                          -Borrower
ATTORNEY-IN-FACT
BY POWER OF ATTORNEY dated _____
in Dec _____
_____ (Seal)
                                                           -Borrower

_____ (Seal)              _____ (Seal)
                         -Borrower                                       -Borrower

_____ (Seal)              Judy Gross _____ (Seal)
                         -Borrower        JUDY GROSS                      -Borrower

_____ (Seal)              _____ (Seal)
                         -Borrower                                       -Borrower

LOAN # ▮▮▮▮▮▮▮▮

# 1-4 FAMILY RIDER
(Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this    1ST    day of  SEPTEMBER, 2006    ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage,
Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by
the undersigned (the "Borrower") to secure Borrower's Note to  BANK OF
AMERICA, N.A

(the "Lender") of the same date and covering the Property described in the Security
Instrument and located at: 1447 HERKIMER STREET, BROOKLYN, NY 11233

(Property Address)

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in
the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In
addition to the Property described in Security Instrument, the following items now or
hereafter attached to the Property to the extent they are fixtures are added to the
Property description, and shall also constitute the Property covered by the Security
Instrument: building materials, appliances and goods of every nature whatsoever now
or hereafter located in, on, or used, or intended to be used in connection with the
Property, including, but not limited to, those for the purposes of supplying or
distributing heating, cooling, electricity, gas, water, air and light, fire prevention and
extinguishing apparatus, security and access control apparatus, plumbing, bath tubs,
water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers,
disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds,
shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached
floor coverings, all of which, including replacements and additions thereto, shall be
deemed to be and remain a part of the Property covered by the Security Instrument.
All of the foregoing together with the Property described in the Security Instrument
(or the leasehold estate if the Security Instrument is on a leasehold) are referred to in
this 1-4 Family Rider and the Security Instrument as the "Property."

**MULTISTATE 1-4 FAMILY RIDER**                M57F 09/01/06 8:34 AM ▮▮▮▮▮

Page 1 of 4
BS57R (0411)        VMP Mortgage Solutions, Inc. (800)521-7291

**B.  USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C.  SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D.  RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E.  "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F.  BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G.  ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H.  ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of

taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I.   **CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this 1-4 Family Rider.

*Yankev Y. Gross by his attorney in fact Judy G* _____ (Seal)
YANKOV Y GROSS BY JUDY GROSS, HIS ATTORNEY-IN-FACT                               —Borrower
*by power of attorney dated ____ in deed# _____* 
*to be recorded simultaneously herewith.* _____ (Seal)
                                                                                —Borrower

_____ (Seal)
                                                                                —Borrower

_____ (Seal)
                                                                                —Borrower

*Judy Gross* _____ (Seal)
JUDY GROSS                                                                      —Borrower

_____ (Seal)
                                                                                —Borrower

_____ (Seal)
                                                                                —Borrower

_____ (Seal)
                                                                                —Borrower

**BS57R (0411)**                    **Page 4 of 4**          M57F C9/01/06 9:34 AM

STATE OF NEW YORK,                                    *Kings*   County ss:

On the  *1*  day of  *September 2006*  before me, the undersigned, a notary public in and for said state, personally appeared

*Judy Press*

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

Tax Map Information:

*Section*
*Block 1554*
*Lot 61*

**SEAL**

MEIR AARON SCHREIBER
Notary Public State of New York
No. 02SC6083584
Qualified in Kings County
Commission Expires 11/18/20

Initials: _____

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2015022401032001001E1C1A

## RECORDING AND ENDORSEMENT COVER PAGE

**PAGE 1 OF 3**

**Document ID: 2015022401032001** Document Date: 10-22-2013 Preparation Date: 02-24-2015
Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 2

**PRESENTER:**
PARAMOUNT LAND INC
584 MAIN ST
ISLIP, NY 11751

**RETURN TO:**
PARAMOUNT LAND INC
584 MAIN ST
ISLIP, NY 11751

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1554 | 61 Entire Lot | | 1447 HERKIMER STREET |

**Property Type:** 1-2 FAM WITH ATTCH GAR &/OR VACANT LAND

### CROSS REFERENCE DATA

**CRFN:** 2006000557979

### PARTIES

**ASSIGNOR/OLD LENDER:**
BANK OF AMERICA NA
101 S MARENGO AVE, 4TH FLOOR
PASADENA, CA 91101

**ASSIGNEE/NEW LENDER:**
PENNYMAC CORP
6101 CONDOR DRIVE
MOORPARK, CA 93021

### FEES AND TAXES

**Mortgage :**

| | | |
|---|---|---|
| Mortgage Amount: | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 |
| Exemption: | | |
| TAXES: County (Basic): | $ | 0.00 |
| City (Additional): | $ | 0.00 |
| Spec (Additional): | $ | 0.00 |
| TASF: | $ | 0.00 |
| MTA: | $ | 0.00 |
| NYCTA: | $ | 0.00 |
| Additional MRT: | $ | 0.00 |
| TOTAL: | $ | 0.00 |
| Recording Fee: | $ | 47.00 |
| Affidavit Fee: | $ | 0.00 |

| | | |
|---|---|---|
| Filing Fee: | $ | 0.00 |
| NYC Real Property Transfer Tax: | $ | 0.00 |
| NYS Real Estate Transfer Tax: | $ | 0.00 |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**
Recorded/Filed 03-02-2015 17:04
City Register File No.(CRFN):
**2015000070768**

*City Register Official Signature*

Recording requested by:
BANK OF AMERICA, N.A.

When recorded mail to:
PENNYMAC LOAN SERVICES, LLC
6101 CONDOR DRIVE
MOORPARK, CA 93021
Attn: DANIELLE BROOKS

███████████

### CORPORATION ASSIGNMENT OF MORTGAGE
Doc. ID# ███████████
Commitment# █████

For value received, the undersigned, BANK OF AMERICA, N.A., 101 S MARENGO
AVE., 4TH FLOOR PASADENA, CA 91101, hereby grants, assigns and transfers to:
PENNYMAC CORP.
6101 CONDOR DRIVE, MOORPARK, CA 93021

All its interest under that certain Mortgage dated  9/01/06, executed by:
YAAKOV Y GROSS and JUDY GROSS, Mortgagor as per MORTGAGE recorded as
Instrument No. 2006000557979 on 10/04/06 in Book NA Page NA of official
records in the County Recorder's Office of KINGS County, NEW YORK.
Tax Parcel = 01554 0061,  NYC D.O.F. - BROOKLYN
Original Mortgage $402,500.00
1447 HERKIMER ST, BROOKLYN, NY 11233

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Mortgage.

This assignment is not subject to the requirements of Section 275 of the Real
Property Law because it is an assignment within the secondary mortgage
market.

Dated: **OCT 2 2 2013**   BANK OF AMERICA, N.A.

                    By_____
                       ELISEO ORTIZ, ASSISTANT VICE PRESIDENT .

State of California
County of los Angeles
On **OCT 2 2 2013** before me,  Takayuki E. Uto                    , Notary Public,
personally appeared ELISEO ORTIZ, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature:_____
                    Takayuki E. Uto

Prepared by: ROBERT ANTHONY MATUTE
101 S MARENGO AVE, 4TH FLOOR
PASADENA, CA 91101
Phone#: (626) 486-3580

TAKAYUKI E. UTO
Commission # 2026020
Notary Public - California
Los Angeles County
My Comm. Expires May 24, 2017



May 29, 2014


YAAKOV Y GROSS
2360 FULTON ST
BROOKLYN NY 11233


| | |
|---|---|
| Loan Number | ███████ |
| Property Address | 1447 HERKIMER ST |
| | BROOKLYN NY 11233 |

Dear Borrower(s)

### YOU COULD LOSE YOUR HOME.
### PLEASE READ THE FOLLOWING NOTICE CAREFULLY.

As of 05/29/14, your home loan is 1,305 days in default   Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home   You can cure this default by making the payment of **$130,255.30** dollars by 08/27/14

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home   Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling   You should consider contacting one of these agencies immediately   These agencies specialize in helping homeowners who are facing financial difficulty   Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance   If you wish, you may also contact us directly at PennyMac Loan Services, LLC (866) 545-9070 and ask to discuss possible options

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution   The longer you wait the fewer options you may have


NY 90 Day
Page 1 of 5

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence)

If you need further information, please call the New York State Department of Financial Services toll-free helpline at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http //www dfs ny gov

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will <u>not</u> cancel or delay that evaluation process However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required If you do not comply with these requests in a timely manner, it may cause your loan to enter the foreclosure process as indicated in this notice If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure

Pursuant to your loan documents, PennyMac may enter upon and conduct an inspection of your property The purposes of such an inspection are to (i) observe the physical condition of your property, and (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken **The costs of the above described inspections and property preservation efforts will be charged to your account as provided in your security instrument.**

Sincerely,

PennyMac Loan Services, LLC
6101 Condor Drive
Moorpark, CA 93021
(866) 545-9070

Enclosure   Agency list

THIS COLLECTION AGENCY IS LICENSED BY THE CITY OF NEW YORK, LICENSE NUMBER 1294096   THIS COLLECTION AGENCY IS ALSO LICENSED BY THE CITY OF BUFFALO, LICENSE NUMBER 551910

NY 90 Day
Page 2 of 5

FEDERAL LAW REQUIRES US TO ADVISE YOU PENNYMAC LOAN SERVICES, LLC IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE  TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION  IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER



## HUD Approved Housing Counseling Agencies Located in New York by Region

**REGION**
- CAPITAL REGION, COUNTIES  Albany, Columbia, Greene, Resselaer, Saratoga, Schenectady, Warren, Washington
- CENTRAL NY, COUNTIES  Cayuga, Cortland, Delaware, Madison, Onondaga, Oswego, Otsego
- FINGER LAKES/ROCHESTER, COUNTIES  Livingston, Monroe, Ontario, Orleans, Seneca, Wayne, Wyoming, Yates
- HUDSON VALLEY, COUNTIES  Dutchess, Orange, Putman, Rockland, Sullivan, Ulster, Westchester
- LONG ISLAND, COUNTIES  Nassau, Suffolk
- MID HUDSON, COUNTIES  Orange, Sullivan, Westchester
- MOHAWK VALLEY, COUNTIES  Fulton, Hamilton, Herkimer, Montgomery, Oneida, Schoharie
- NEW YORK CITY, COUNTIES  Bronx, Kings (Brooklyn), New York, Queens, Richmond (Staten Island)
- NORTH COUNTRY, COUNTIES  Clinton, Essex, Franklin, Jefferson, Lewis, St  Lawrence
- SOUTHERN TIER, COUNTIES  Broome, Chemung, Chenango, Delaware, Otsego, Steuben, Schuyler, Tioga, Tompkins
- WESTERN NY, COUNTIES   Allegany, Cattaraugus, Erie, Niagara

### CAPITAL REGION

Affordable Housing Partnership*  255 Orange St  Albany, NY  12210*  Phone 518-434-1730

Housing Resources of Columbia County, Inc  *  252 Columbia St  Hudson, NY 12534 *  518-822-0707

Catskill Mountain Housing Development Corp *  448 Main St  Catskill, NY 12414*  Phone 518-943-6700 ext 14

Consumer Credit Counseling Service of the Capital Region*  2 Computer Drive West Albany, NY 10302*  Phone 718-442-7351 ext 227

Schenectady Community Action Program (SCAP)*  913 Albany St  Schenectady, NY, 12307*  Phone 518 374-9181

### CENTRAL REGION

Home Headquarters, Inc *  990 James St, Suite 1 Syracus, NY 13203*  Phone 315 474 1939

Cortland Housing Assistance Council, Inc *  36 Taylor St  Cortland, NY, 13045*  Phone 607-753-8271 ext 15

Clearpoint Financial Solutions*  The Metro Center, 49 Court St  Binghamton, NY 13901*  Phone 1-877-412 2227

UNHS Neighbor Works Homeownership Center*  1611 Genesee Street Utica, NY 13501*  Phone 315-724 4197

NY 90 Day
Page 3 of 5

Oswego Housing Development Council, Inc * 2971 County Rte  26 Parish, NY 13131* Phone 315-625-4520

## FINGER LAKES/ROCHESTER REGION

Consumer Credit Counseling Services of Rochester, Inc * 50 Chestnut Plaza Rochester, NY 14604* Phone 1-888-412-2227

Urban League of Rochester* 265 North Clinton Ave Rochester, NY 14605* Phone 585-325-6530

The Housing Council* 75 College Ave , 4th Floor Rochester, NY 14607* Phone 585-546-3700

Belmont Housing Resources* 1195 Main St  Buffalo, NY 14209* Phone 716-884-7791

Alternatives, FCU* 125 Fulton St  Ithaca, NY 14850* Phone 607-216-3445

## HUDSON VALLEY REGION

Hudson River Housing* 291 Mill St Poughkeepsie, NY 12601* Phone 845-454-9288

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845 713-4568

Putnam County Housing Corp * 11 Seminary Hill Rd  Carmel, NY 10512* Phone 845-225-8493

Rockland Housing Action Coalition* 120-126 North Main St , Annex First Floor New City, NY 10956* Phone 845-708-5799

Rural Ulster Preservation Company (RUPCO)* 301 Fair St  Kingston, NY 12401* Phone 888-377-7731

## LONG ISLAND REGION

American Debt Resources, Inc * 248C Larkfield Road,  East Northport, NY 11731* Phone 631-912-9542

Community Development Corp  of Long Island* 2100 Middle Country Rd , Suite 300 Centereach NY 11720* Phone 631-471-1215

CHHAYA* 37-43 77th St  Jackson Heights, NY 11372* Phone 718-478-3848

GreenPath Debt Solutions* 300 Garden City Plaza, Suite 220 Garden City, NY  11530* Phone 888-776-6738

La Fuerza Unida, Inc * 1 School St , Suite 302 Glen Cove, NY 11542* Phone 516 759 0788

## MID HUDSON REGION

Community Housing Innovations, Inc * 190 East Post Rd , Suite 401,  White Plains NY 10601* Phone 914-683 1010

Rural Ulster Preservation Company (RUPCO)* 301 Fair St  Kingston, NY 12401* Phone 888-377-7731

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845-713-4568

Human Development Services of Westchester, Inc * 28 Adee St  Port Chester, NY 10573* Phone 914-939 2005

Westchester Residential Opportunities* 470 Mamaroneck Ave , Suite 410  White Plains, NY 10605* Phone 914-428-4507

## MOHAWK VALLEY REGION

Better Neighborhoods, Inc * 986 Albany St  Schenectady, NY 12307* Phone 518-688 0289

Consumer Credit Counseling Service of the Mohawk Valley* 289 Genesee St  Utica, NY 13501* Phone 1-877 412 2227

UNHS NeighborWorks Homeownership Center* 1611 Genesee Street Utica, NY 13501* Phone 315-724 4197

NY 90 Day
Page 4 of 5

Better Neighborhoods, Inc * 986 Albany St Schenectady, NY 12307* Phone 518 688-0289

Northeast Hawley Development Corp * 101 Gertrude St Syracuse, NY 13202* Phone 315 425-1032

## NEW YORK CITY REGION

Neighborhood Housing Services  South Bronx* 848 Concourse Village West,Bronx, NY 10451* Phone 718-992-5979

Grow Brooklyn, Inc * 1474 Myrtle Ave  Brooklyn, NY 11237* Phone 718-418-8232 ext 206

AAFE Community Development Fund, Inc * 111 Division St  New York, NY 10002* Phone 212-964-2288

Rockaway Development and Revitilization Corp* 1920 Mott Ave , Second Floor Far Rockaway, NY  11691* Phone 718-327-5300

MHANY Management, Inc * 2-4 Nevins St  Brooklyn, NY 11217* Phone 718 246-8080 ext 203

## NORTH COUNTRY REGION

Friends of the North Country* 1 Mill St  Keeseville, NY 12944* Phone 518 834-9606

Homefront Development Corp * 568 Lower Allen St  Hudson Falls, NY 12839* Phone 518-747 8250

Consumer Credit Counseling Service of the North Country* 215 Washington St  Suite 005 Watertown, NY 13601* Phone 1-877-412-2227

Home Headquarters, Inc * 990 James St , Suite 1 Syracuse NY 13203* Phone 315-474-1939

North Country Housing Council* 19 Main St  Canton, NY 13617* Phone 315-386 8576

## SOUTHERN TIER REGION

Metro Interfaith Housing Council* 21 New St  Binghamton, NY 13903* Phone 607 772-6766

Arbor Housing and Development* 16 W  William St  Bath, NY  14810* Phone 607-776-7664

Delaware Opportunities, Inc * 35430 State Hgwy  10 Hamden, NY 13782* Phone 607-746 1650

Catholic Charities of Chemung* 215 East Church St , Suite 101,Elmira, NY 14901* Phone 607-734-9784

Alternatives, FCU* 125 Fulton St  Ithaca, NY 14850* Phone 607 216 3445

## WESTERN NY REGION

ACCORD* 84 Schuyler St  Belmont, NY  14813* Phone 585-268-7605

Belmont Housing Resources* 1195 Main Street, Buffalo, NY 14209* Phone 716 884-7791

Neighborhood Housing Services of South Buffalo* 1937 South Park Ave  Buffalo, NY 14220* Phone 716-823-3630

West Side & Black Rock Riverside NHS, Inc * 203 Military Rd  Buffalo, NY 14207*  Phone  (716) 885-2344 and  (716) 877 3910

Buffalo Urban League* 15 Genesee Street Buffalo, NY 14203*  Phone (716) 250-2445

NY 90 Day
Page 5 of 5



**PennyMac**®

P O Box 514387
Los Angeles, CA 90051-4387

**RETURN SERVICE
REQUESTED**

PRESORTED
FIRST CLASS





US POSTAGE≫PITNEY BOWES

ZIP 93021  $ **000.46**
02 1W
0001381330 MAY  29  2014

YAAKOV Y GROSS
2360 FULTON, ST
BROOKLYN NY, 11233-

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com®**

## OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here
05/29/14
NY 10 DAY

Sent To  *Yaakov Y Gross*
Street, Apt. No.  *mailing*
or PO Box No.
City, State, ZIP+4

7014 0510 0001 5915 6065

PS Form 3811, August 2006

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Yaakov Y Gross*
*2360 Fulton St*
*Brooklyn, NY 11233*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7014 0510 0001 5915 6065

PS Form 3811, July 2013   Domestic Return Receipt



May 29, 2014

JUDY GROSS
2360 FULTON ST
BROOKLYN NY 11233

Loan Number
Property Address          1447 HERKIMER ST
                          BROOKLYN NY 11233

Dear Borrower(s)

### YOU COULD LOSE YOUR HOME.
### PLEASE READ THE FOLLOWING NOTICE CAREFULLY.

As of 05/29/14, your home loan is 1,305 days in default  Under New York State
Law, we are required to send you this notice to inform you that you are at risk of
losing your home    You can cure this default by making the payment of
**$130,255.30** dollars by 08/27/14

If you are experiencing financial difficulty, you should know that there are several
options available to you that may help you keep your home    Attached to this
notice is a list of government approved housing counseling agencies in your area
which provide free or very low-cost counseling   You should consider contacting
one of these agencies immediately     These agencies specialize in helping
homeowners who are facing financial difficulty   Housing counselors can help you
assess your financial condition and work with us to explore the possibility of
modifying your loan, establishing an easier payment plan for you, or even working
out a period of loan forbearance   If you wish, you may also contact us directly at
PennyMac Loan Services, LLC (866) 545-9070 and ask to discuss possible
options

While we cannot assure that a mutually agreeable resolution is possible, we
encourage you to take immediate steps to try to achieve a resolution   The longer
you wait the fewer options you may have

NY 90 Day
Page 1 of 5

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence)

If you need further information, please call the New York State Department of Financial Services toll-free helpline at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http //www dfs ny gov

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will <u>not</u> cancel or delay that evaluation process  However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required  If you do not comply with these requests in a timely manner, it may cause your loan to enter the foreclosure process as indicated in this notice  If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure

Pursuant to your loan documents, PennyMac may enter upon and conduct an inspection of your property  The purposes of such an inspection are to (i) observe the physical condition of your property, and (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant  If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken  **The costs of the above described inspections and property preservation efforts will be charged to your account as provided in your security instrument.**

Sincerely,

PennyMac Loan Services, LLC
6101 Condor Drive
Moorpark, CA 93021
(866) 545-9070

Enclosure   Agency list

THIS COLLECTION AGENCY IS LICENSED BY THE CITY OF NEW YORK, LICENSE NUMBER 1294096   THIS COLLECTION AGENCY IS ALSO LICENSED BY THE CITY OF BUFFALO, LICENSE NUMBER 551910

NY 90 Day
Page **2** of **5**

FEDERAL LAW REQUIRES US TO ADVISE YOU PENNYMAC LOAN SERVICES, LLC IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER



**HUD-Approved Housing Counseling Agencies Located in New York by Region**

REGION
- CAPITAL REGION, COUNTIES Albany, Columbia, Greene, Resselaer, Saratoga, Schenectady, Warren, Washington
- CENTRAL NY, COUNTIES Cayuga, Cortland, Delaware, Madison, Onondaga, Oswego, Otsego
- FINGER LAKES/ROCHESTER, COUNTIES Livingston, Monroe, Ontario, Orleans, Seneca, Wayne, Wyoming, Yates
- HUDSON VALLEY, COUNTIES Dutchess, Orange, Putman, Rockland, Sullivan, Ulster, Westchester
- LONG ISLAND, COUNTIES Nassau, Suffolk
- MID HUDSON, COUNTIES Orange, Sullivan, Westchester
- MOHAWK VALLEY, COUNTIES Fulton, Hamilton, Herkimer, Montgomery, Oneida, Schoharie
- NEW YORK CITY, COUNTIES Bronx, Kings (Brooklyn), New York, Queens, Richmond (Staten Island)
- NORTH COUNTRY, COUNTIES Clinton, Essex, Franklin, Jefferson, Lewis, St Lawrence
- SOUTHERN TIER, COUNTIES Broome, Chemung, Chenango, Delaware, Otsego, Steuben, Schuyler, Tioga, Tompkins
- WESTERN NY, COUNTIES Allegany, Cattaraugus, Erie, Niagara

**CAPITAL REGION**

Affordable Housing Partnership* 255 Orange St Albany, NY 12210* Phone 518-434-1730

Housing Resources of Columbia County, Inc * 252 Columbia St Hudson, NY 12534 * 518-822-0707

Catskill Mountain Housing Development Corp * 448 Main St Catskill, NY 12414* Phone 518-943-6700 ext 14

Consumer Credit Counseling Service of the Capital Region* 2 Computer Drive West Albany, NY 10302* Phone 718 442-7351 ext 227

Schenectady Community Action Program (SCAP)* 913 Albany St Schenectady, NY 12307* Phone 518-374-9181

**CENTRAL REGION**

Home Headquarters, Inc * 990 James St, Suite 1 Syracuse, NY 13203* Phone 315-474-1939

Cortland Housing Assistance Council, Inc * 36 Taylor St Cortland, NY 13045* Phone 607-753 8271 ext 15

Clearpoint Financial Solutions* The Metro Center, 49 Court St Binghamton, NY 13901* Phone 1 877-412-2227

UNHS Neighbor Works Homeownership Center* 1611 Genesee Street Utica, NY 13501* Phone 315 724-4197

NY 90 Day
Page 3 of 5

Oswego Housing Development Council, Inc * 2971 County Rte  26 Parish, NY 13131* Phone 315-625-4520

**FINGER LAKES/ROCHESTER REGION·**

Consumer Credit Counseling Services of Rochester, Inc * 50 Chestnut Plaza Rochester, NY 14604* Phone 1-888 412 2227

Urban League of Rochester* 265 North Clinton Ave  Rochester, NY 14605* Phone 585-325 6530

The Housing Council* 75 College Ave , 4th Floor Rochester, NY 14607* Phone 585-546-3700

Belmont Housing Resources* 1195 Main St  Buffalo, NY 14209* Phone 716-884-7791

Alternatives, FCU* 125 Fulton St  Ithaca, NY 14850* Phone 607-216-3445

**HUDSON VALLEY REGION**

Hudson River Housing* 291 Mill St Poughkeepsie, NY 12601* Phone 845-454-9288

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845 713-4568

Putnam County Housing Corp * 11 Seminary Hill Rd  Carmel, NY 10512* Phone 845-225-8493

Rockland Housing Action Coalition* 120 126 North Main St , Annex-First Floor New City, NY 10956* Phone 845-708-5799

Rural Ulster Preservation Company (RUPCO)* 301 Fair St  Kingston, NY 12401* Phone 888-377-7731

**LONG ISLAND REGION**

American Debt Resources, Inc * 248C Larkfield Road,  East Northport, NY 11731* Phone 631-912-9542

Community Development Corp  of Long Island* 2100 Middle Country Rd , Suite 300 Centereach NY 11720* Phone 631 471-1215

CHHAYA* 37-43 77th St  Jackson Heights, NY 11372* Phone 718-478-3848

GreenPath Debt Solutions* 300 Garden City Plaza, Suite 220 Garden City, NY  11530* Phone 888-776-6738

La Fuerza Unida, Inc * 1 School St , Suite 302 Glen Cove, NY 11542* Phone 516-759-0788

**MID HUDSON REGION**

Community Housing Innovations, Inc * 190 East Post Rd , Suite 401,  White Plains NY 10601* Phone 914-683-1010

Rural Ulster Preservation Company (RUPCO)* 301 Fair St  Kingston, NY 12401* Phone 888 377-7731

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845-713-4568

Human Development Services of Westchester, Inc * 28 Adee St  Port Chester, NY 10573* Phone 914-939-2005

Westchester Residential Opportunities* 470 Mamaroneck Ave , Suite 410  White Plains, NY 10605* Phone 914-428-4507

**MOHAWK VALLEY REGION**

Better Neighborhoods, Inc * 986 Albany St  Schenectady, NY 12307* Phone 518-688 0289

Consumer Credit Counseling Service of the Mohawk Valley* 289 Genesee St  Utica, NY 13501* Phone 1-877 412 2227

UNHS NeighborWorks Homeownership Center* 1611 Genesee Street Utica, NY 13501* Phone 315-724 4197

NY 90 Day
Page **4** of **5**

Better Neighborhoods, Inc * 986 Albany St Schenectady, NY 12307* Phone 518 688-0289

Northeast Hawley Development Corp * 101 Gertrude St Syracuse, NY 13202* Phone 315-425-1032

## NEW YORK CITY REGION

Neighborhood Housing Services- South Bronx* 848 Concourse Village West,Bronx, NY 10451* Phone 718-992-5979

Grow Brooklyn, Inc * 1474 Myrtle Ave Brooklyn, NY 11237* Phone 718-418-8232 ext 206

AAFE Community Development Fund, Inc * 111 Division St New York, NY 10002* Phone 212-964-2288

Rockaway Development and Revitilization Corp* 1920 Mott Ave , Second Floor Far Rockaway, NY 11691* Phone 718-327 5300

MHANY Management, Inc * 2-4 Nevins St Brooklyn, NY 11217* Phone 718-246-8080 ext 203

## NORTH COUNTRY REGION

Friends of the North Country* 1 Mill St Keeseville, NY 12944* Phone 518 834-9606

Homefront Development Corp * 568 Lower Allen St Hudson Falls, NY 12839* Phone 518-747 8250

Consumer Credit Counseling Service of the North Country* 215 Washington St Suite 005 Watertown, NY 13601* Phone 1-877-412-2227

Home Headquarters, Inc * 990 James St , Suite 1 Syracuse NY 13203* Phone 315-474-1939

North Country Housing Council* 19 Main St Canton, NY 13617* Phone 315-386-8576

## SOUTHERN TIER REGION

Metro Interfaith Housing Council* 21 New St Binghamton, NY 13903* Phone 607-772-6766

Arbor Housing and Development* 16 W William St Bath, NY 14810* Phone 607-776-7664

Delaware Opportunities, Inc * 35430 State Hgwy 10 Hamden, NY 13782* Phone 607-746 1650

Catholic Charities of Chemung* 215 East Church St , Suite 101,Elmira, NY 14901* Phone 607-734-9784

Alternatives, FCU* 125 Fulton St Ithaca, NY 14850* Phone 607-216-3445

## WESTERN NY REGION

ACCORD* 84 Schuyler St Belmont, NY 14813* Phone 585-268-7605

Belmont Housing Resources* 1195 Main Street, Buffalo, NY 14209* Phone 716 884 7791

Neighborhood Housing Services of South Buffalo* 1937 South Park Ave Buffalo, NY 14220* Phone 716-823 3630

West Side & Black Rock Riverside NHS, Inc * 203 Military Rd Buffalo, NY 14207* Phone  (716) 885 2344 and  (716) 877-3910

Buffalo Urban League* 15 Genesee Street Buffalo, NY 14203* Phone (716) 250-2445

NY 90 Day
Page 5 of 5



PennyMac®

PO Box 514387
Los Angeles, CA 90051-4387

RETURN SERVICE
REQUESTED

PRESORTED
FIRST CLASS





US POSTAGE ▷ PITNEY BOWES

ZIP 93021 $ 000.46⁰
02 1N
0001381330 MAY 29 2014

JUDY GROSS
2360 FULTON ST
BROOKLYN NY 11233

U.S. Postal Service
**CERTIFIED MAIL · RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | 05/29/14 |
| Total Postage & Fees | $   NY90DAY |

Sent To   *Judy   Gross*
Street, Apt. No.;   *mailing*
or PO Box No
City, State, ZIP+4

7014 0510 0001 5915 6058

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Judy Gross*
*2360 Fulton St*
*Brooklyn, NY 11233*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below        ☐ No

# _____

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7014 0510 0001 5915 6058

PS Form 3811, July 2013         Domestic Return Receipt



May 29, 2014


JUDY GROSS
1447 HERKIMER ST
BROOKLYN NY 11233


| Loan Number | ████████ |
|---|---|
| Property Address | 1447 HERKIMER ST |
| | BROOKLYN NY 11233 |

Dear Borrower(s)

## YOU COULD LOSE YOUR HOME.
## PLEASE READ THE FOLLOWING NOTICE CAREFULLY.

As of 05/29/14, your home loan is 1,305 days in default   Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home   You can cure this default by making the payment of **$130,255.30** dollars by 08/27/14

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home   Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling   You should consider contacting one of these agencies immediately   These agencies specialize in helping homeowners who are facing financial difficulty   Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance   If you wish, you may also contact us directly at PennyMac Loan Services, LLC (866) 545-9070 and ask to discuss possible options

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution   The longer you wait the fewer options you may have

NY 90 Day
Page 1 of 5

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence)

If you need further information, please call the New York State Department of Financial Services toll-free helpline at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http //www dfs ny gov

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will <u>not</u> cancel or delay that evaluation process However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required If you do not comply with these requests in a timely manner, it may cause your loan to enter the foreclosure process as indicated in this notice If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure

Pursuant to your loan documents, PennyMac may enter upon and conduct an inspection of your property The purposes of such an inspection are to (i) observe the physical condition of your property, and (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken **The costs of the above described inspections and property preservation efforts will be charged to your account as provided in your security instrument.**

Sincerely,

PennyMac Loan Services, LLC
6101 Condor Drive
Moorpark, CA 93021
(866) 545-9070

Enclosure   Agency list

THIS COLLECTION AGENCY IS LICENSED BY THE CITY OF NEW YORK, LICENSE NUMBER 1294096   THIS COLLECTION AGENCY IS ALSO LICENSED BY THE CITY OF BUFFALO, LICENSE NUMBER 551910

FEDERAL LAW REQUIRES US TO ADVISE YOU PENNYMAC LOAN SERVICES, LLC IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER

## HUD-Approved Housing Counseling Agencies Located in New York by Region

REGION
- CAPITAL REGION, COUNTIES Albany, Columbia, Greene, Resselaer, Saratoga, Schenectady, Warren, Washington
- CENTRAL NY, COUNTIES Cayuga, Cortland, Delaware, Madison, Onondaga, Oswego, Otsego
- FINGER LAKES/ROCHESTER, COUNTIES Livingston, Monroe, Ontario, Orleans, Seneca, Wayne, Wyoming, Yates
- HUDSON VALLEY, COUNTIES Dutchess, Orange, Putman, Rockland, Sullivan, Ulster, Westchester
- LONG ISLAND, COUNTIES Nassau, Suffolk
- MID HUDSON, COUNTIES Orange, Sullivan, Westchester
- MOHAWK VALLEY, COUNTIES Fulton, Hamilton, Herkimer, Montgomery, Oneida, Schoharie
- NEW YORK CITY, COUNTIES Bronx, Kings (Brooklyn), New York, Queens, Richmond (Staten Island)
- NORTH COUNTRY, COUNTIES Clinton, Essex, Franklin, Jefferson, Lewis, St Lawrence
- SOUTHERN TIER, COUNTIES Broome, Chemung, Chenango, Delaware, Otsego, Steuben, Schuyler, Tioga, Tompkins
- WESTERN NY, COUNTIES Allegany, Cattaraugus, Erie, Niagara

### CAPITAL REGION

Affordable Housing Partnership* 255 Orange St Albany, NY 12210* Phone 518-434-1730

Housing Resources of Columbia County, Inc * 252 Columbia St Hudson, NY 12534 * 518-822-0707

Catskill Mountain Housing Development Corp * 448 Main St Catskill, NY 12414* Phone 518-943-6700 ext 14

Consumer Credit Counseling Service of the Capital Region* 2 Computer Drive West Albany, NY 10302* Phone 718-442-7351 ext 227

Schenectady Community Action Program (SCAP)* 913 Albany St Schenectady, NY 12307* Phone 518-374-9181

### CENTRAL REGION

Home Headquarters, Inc * 990 James St, Suite 1 Syracuse, NY 13203* Phone 315-474-1939

Cortland Housing Assistance Council, Inc * 36 Taylor St Cortland, NY 13045* Phone 607 753-8271 ext 15

Clearpoint Financial Solutions* The Metro Center, 49 Court St Binghamton, NY 13901* Phone 1-877-412-2227

UNHS Neighbor Works Homeownsership Center* 1611 Genesee Street Utica, NY 13501* Phone 315-724-4197

NY 90 Day
Page 3 of 5

Oswego Housing Development Council, Inc * 2971 County Rte 26 Parish, NY 13131* Phone 315-625-4520

**FINGER LAKES/ROCHESTER REGION**

Consumer Credit Counseling Services of Rochester, Inc * 50 Chestnut Plaza Rochester, NY 14604* Phone 1-888-412-2227

Urban League of Rochester* 265 North Clinton Ave Rochester, NY 14605* Phone 585-325-6530

The Housing Council* 75 College Ave , 4th Floor Rochester, NY 14607* Phone 585 546-3700

Belmont Housing Resources* 1195 Main St Buffalo, NY 14209* Phone 716-884-7791

Alternatives, FCU* 125 Fulton St Ithaca, NY 14850* Phone 607-216-3445

**HUDSON VALLEY REGION**

Hudson River Housing* 291 Mill St Poughkeepsie, NY 12601* Phone 845-454-9288

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845 713-4568

Putnam County Housing Corp * 11 Seminary Hill Rd Carmel, NY 10512* Phone 845-225-8493

Rockland Housing Action Coalition* 120-126 North Main St , Annex First Floor New City, NY 10956* Phone 845-708 5799

Rural Ulster Preservation Company (RUPCO)* 301 Fair St Kingston, NY 12401* Phone 888-377-7731

**LONG ISLAND REGION**

American Debt Resources, Inc * 248C Larkfield Road, East Northport, NY 11731* Phone 631 912-9542

Community Development Corp of Long Island* 2100 Middle Country Rd , Suite 300 Centereach NY 11720* Phone 631-471 1215

CHHAYA* 37-43 77th St Jackson Heights, NY 11372* Phone 718 478-3848

GreenPath Debt Solutions* 300 Garden City Plaza, Suite 220 Garden City, NY 11530* Phone 888-776-6738

La Fuerza Unida, Inc * 1 School St , Suite 302 Glen Cove, NY 11542* Phone 516 759 0788

**MID HUDSON REGION**

Community Housing Innovations, Inc * 190 East Post Rd , Suite 401, White Plains NY 10601* Phone 914 683 1010

Rural Ulster Preservation Company (RUPCO)* 301 Fair St Kingston, NY 12401* Phone 888 377 7731

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845 713-4568

Human Development Services of Westchester, Inc * 28 Adee St Port Chester, NY 10573* Phone 914-939-2005

Westchester Residential Opportunities* 470 Mamaroneck Ave , Suite 410 White Plains, NY 10605* Phone 914-428-4507

**MOHAWK VALLEY REGION**

Better Neighborhoods, Inc * 986 Albany St Schenectady, NY 12307* Phone 518 688 0289

Consumer Credit Counseling Service of the Mohawk Valley* 289 Genesee St Utica, NY 13501* Phone 1-877 412 2227

UNHS NeighborWorks Homeownership Center* 1611 Genesee Street Utica, NY 13501* Phone 315-724-4197

NY 90 Day
Page 4 of 5

Better Neighborhoods, Inc * 986 Albany St Schenectady, NY 12307* Phone 518-688-0289

Northeast Hawley Development Corp * 101 Gertrude St Syracuse, NY 13202* Phone 315-425-1032

## NEW YORK CITY REGION

Neighborhood Housing Services- South Bronx* 848 Concourse Village West,Bronx, NY 10451* Phone 718-992-5979

Grow Brooklyn, Inc * 1474 Myrtle Ave Brooklyn, NY 11237* Phone 718-418-8232 ext 206

AAFE Community Development Fund, Inc * 111 Division St New York, NY 10002* Phone 212-964-2288

Rockaway Development and Revitilization Corp* 1920 Mott Ave , Second Floor Far Rockaway, NY 11691* Phone 718-327-5300

MHANY Management, Inc * 2-4 Nevins St Brooklyn, NY 11217* Phone 718 246-8080 ext 203

## NORTH COUNTRY REGION

Friends of the North Country* 1 Mill St Keeseville, NY 12944* Phone 518-834-9606

Homefront Development Corp * 568 Lower Allen St Hudson Falls, NY 12839* Phone 518-747-8250

Consumer Credit Counseling Service of the North Country* 215 Washington St Suite 005 Watertown, NY 13601* Phone 1-877-412-2227

Home Headquarters, Inc * 990 James St , Suite 1 Syracuse NY 13203* Phone 315-474-1939

North Country Housing Council* 19 Main St Canton, NY 13617* Phone 315-386-8576

## SOUTHERN TIER REGION

Metro Interfaith Housing Council* 21 New St Binghamton, NY 13903* Phone 607-772-6766

Arbor Housing and Development* 16 W William St Bath, NY 14810* Phone 607-776-7664

Delaware Opportunities, Inc * 35430 State Hgwy 10 Hamden, NY 13782* Phone 607-746 1650

Catholic Charities of Chemung* 215 East Church St , Suite 101,Elmira, NY 14901* Phone 607-734-9784

Alternatives, FCU* 125 Fulton St Ithaca, NY 14850* Phone 607-216 3445

## WESTERN NY REGION

ACCORD* 84 Schuyler St Belmont, NY 14813* Phone 585 268 7605

Belmont Housing Resources* 1195 Main Street, Buffalo, NY 14209* Phone 716-884-7791

Neighborhood Housing Services of South Buffalo* 1937 South Park Ave Buffalo, NY 14220* Phone 716-823-3630

West Side & Black Rock Riverside NHS, Inc * 203 Military Rd Buffalo, NY 14207* Phone (716) 885-2344 and (716) 877 3910

Buffalo Urban League* 15 Genesee Street Buffalo, NY 14203* Phone (716) 250-2445

NY 90 Day
Page 5 of 5



PO Box 514387
Los Angeles, CA 90051-4387

**RETURN SERVICE
REQUESTED**

PRESORTED
FIRST CLASS



US POSTAGE »PITNEY BOWES

ZIP 93021  $ 000.46⁰
02  1﹖
0001381330 MAY  29  2014

JUDY GROSS
1447 HERKIMER ST
BROOKLYN NY 11233

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

05/29/14
NY 9ODAY

Sent To _Judy Gross_
Street, Apt. No.;
or PO Box No. _property_
City, State, ZIP+4

7014 0510 0001 5915 6041

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_Judy Gross_
_1447 Herkimer St_
_Brooklyn, NY 11233_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Priority Mail Express
   ☐ Registered  ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
   7014 0510 0001 5915 6041

PS Form 3811, July 2013        Domestic Return Receipt



May 29, 2014


YAAKOV Y GROSS
1447 HERKIMER ST
BROOKLYN NY 11233


Loan Number          ████████████
Property Address     1447 HERKIMER ST
                     BROOKLYN NY 11233

Dear Borrower(s)

### <u>YOU COULD LOSE YOUR HOME.</u>
### <u>PLEASE READ THE FOLLOWING NOTICE CAREFULLY.</u>

As of 05/29/14, your home loan is 1,305 days in default   Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home   You can cure this default by making the payment of **$130,255.30** dollars by 08/27/14

If you are experiencing financial difficulty, you should know that there are several options available to you that may help you keep your home   Attached to this notice is a list of government approved housing counseling agencies in your area which provide free or very low-cost counseling   You should consider contacting one of these agencies immediately   These agencies specialize in helping homeowners who are facing financial difficulty   Housing counselors can help you assess your financial condition and work with us to explore the possibility of modifying your loan, establishing an easier payment plan for you, or even working out a period of loan forbearance   If you wish, you may also contact us directly at PennyMac Loan Services, LLC (866) 545-9070 and ask to discuss possible options

While we cannot assure that a mutually agreeable resolution is possible, we encourage you to take immediate steps to try to achieve a resolution   The longer you wait the fewer options you may have

NY 90 Day
Page 1 of 5

If this matter is not resolved within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence)

If you need further information, please call the New York State Department of Financial Services toll-free helpline at 1-877-BANK-NYS (1-877-226-5697) or visit the Department's website at http //www dfs ny gov

If your loan is currently being evaluated for a loan modification, forbearance or other loan assistance solution, this notice will <u>not</u> cancel or delay that evaluation process However, it is important that you promptly respond to all requests made in connection with your evaluation for a loan assistance solution, including all requests for you to contact us and any documentation required If you do not comply with these requests in a timely manner, it may cause your loan to enter the foreclosure process as indicated in this notice If your loan is not eligible for a loan assistance program, please note this letter will continue to serve as notice of our right to initiate foreclosure

Pursuant to your loan documents, PennyMac may enter upon and conduct an inspection of your property The purposes of such an inspection are to (i) observe the physical condition of your property, and (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken **The costs of the above described inspections and property preservation efforts will be charged to your account as provided in your security instrument.**

Sincerely,

PennyMac Loan Services, LLC
6101 Condor Drive
Moorpark, CA 93021
(866) 545-9070

Enclosure    Agency list

THIS COLLECTION AGENCY IS LICENSED BY THE CITY OF NEW YORK, LICENSE NUMBER 1294096    THIS COLLECTION AGENCY IS ALSO LICENSED BY THE CITY OF BUFFALO, LICENSE NUMBER 551910

NY 90 Day
Page **2** of **5**

FEDERAL LAW REQUIRES US TO ADVISE YOU PENNYMAC LOAN SERVICES, LLC IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT AN INDEBTEDNESS AS YOUR PERSONAL OBLIGATION  IF YOU ARE REPRESENTED BY AN ATTORNEY, PLEASE PROVIDE US WITH THE ATTORNEY'S NAME, ADDRESS AND TELEPHONE NUMBER



**HUD Approved Housing Counseling Agencies Located in New York by Region**

REGION
- CAPITAL REGION, COUNTIES  Albany, Columbia, Greene, Resselaer, Saratoga, Schenectady, Warren, Washington
- CENTRAL NY, COUNTIES  Cayuga, Cortland, Delaware, Madison, Onondaga, Oswego, Otsego
- FINGER LAKES/ROCHESTER, COUNTIES  Livingston, Monroe, Ontario, Orleans, Seneca, Wayne, Wyoming, Yates
- HUDSON VALLEY, COUNTIES  Dutchess, Orange, Putnam, Rockland, Sullivan, Ulster, Westchester
- LONG ISLAND, COUNTIES  Nassau, Suffolk
- MID HUDSON, COUNTIES  Orange, Sullivan, Westchester
- MOHAWK VALLEY, COUNTIES  Fulton, Hamilton, Herkimer, Montgomery, Oneida, Schoharie
- NEW YORK CITY, COUNTIES  Bronx, Kings (Brooklyn), New York, Queens, Richmond (Staten Island)
- NORTH COUNTRY, COUNTIES  Clinton, Essex, Franklin, Jefferson, Lewis, St  Lawrence
- SOUTHERN TIER, COUNTIES  Broome, Chemung, Chenango, Delaware, Otsego, Steuben, Schuyler, Tioga, Tompkins
- WESTERN NY, COUNTIES   Allegany, Cattaraugus, Erie, Niagara

**CAPITAL REGION**

Affordable Housing Partnership*  255 Orange St  Albany, NY 12210*  Phone 518-434-1730

Housing Resources of Columbia County, Inc *  252 Columbia St  Hudson, NY 12534 *  518-822-0707

Catskill Mountain Housing Development Corp *  448 Main St  Catskill, NY 12414*  Phone 518-943-6700 ext 14

Consumer Credit Counseling Service of the Capital Region*  2 Computer Drive West Albany, NY 10302*  Phone 718-442-7351 ext 227

Schenectady Community Action Program (SCAP)*  913 Albany St  Schenectady, NY 12307*  Phone 518-374-9181

**CENTRAL REGION**

Home Headquarters, Inc *  990 James St, Suite 1 Syracuse, NY 13203*  Phone 315-474-1939

Cortland Housing Assistance Council, Inc *  36 Taylor St  Cortland, NY 13045*  Phone 607 753-8271 ext 15

Clearpoint Financial Solutions*  The Metro Center, 49 Court St  Binghamton, NY 13901*  Phone 1-877-412 2227

UNHS Neighbor Works Homeownsership Center*  1611 Genesee Street Utica, NY 13501*  Phone 315-724-4197

NY 90 Day
Page 3 of 5

Oswego Housing Development Council, Inc * 2971 County Rte 26 Parish, NY 13131* Phone 315-625-4520

**FINGER LAKES/ROCHESTER REGION**

Consumer Credit Counseling Services of Rochester, Inc * 50 Chestnut Plaza Rochester, NY 14604* Phone 1-888-412-2227

Urban League of Rochester* 265 North Clinton Ave Rochester, NY 14605* Phone 585-325-6530

The Housing Council* 75 College Ave , 4th Floor Rochester, NY 14607* Phone 585 546-3700

Belmont Housing Resources* 1195 Main St Buffalo, NY 14209* Phone 716-884 7791

Alternatives, FCU* 125 Fulton St Ithaca, NY 14850* Phone 607-216-3445

**HUDSON VALLEY REGION**

Hudson River Housing* 291 Mill St Poughkeepsie, NY 12601* Phone 845-454-9288

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845-713-4568

Putnam County Housing Corp * 11 Seminary Hill Rd Carmel, NY 10512* Phone 845 225-8493

Rockland Housing Action Coalition* 120-126 North Main St , Annex First Floor New City, NY 10956* Phone 845-708-5799

Rural Ulster Preservation Company (RUPCO)* 301 Fair St Kingston, NY 12401* Phone 888-377-7731

**LONG ISLAND REGION**

American Debt Resources, Inc * 248C Larkfield Road, East Northport, NY 11731* Phone 631-912-9542

Community Development Corp of Long Island* 2100 Middle Country Rd , Suite 300 Centereach NY 11720* Phone 631-471-1215

CHHAYA* 37-43 77th St Jackson Heights, NY 11372* Phone 718-478-3848

GreenPath Debt Solutions* 300 Garden City Plaza, Suite 220 Garden City, NY 11530* Phone 888 776-6738

La Fuerza Unida, Inc * 1 School St , Suite 302 Glen Cove, NY 11542* Phone 516-759-0788

**MID HUDSON REGION**

Community Housing Innovations, Inc * 190 East Post Rd , Suite 401, White Plains NY 10601* Phone 914 683-1010

Rural Ulster Preservation Company (RUPCO)* 301 Fair St Kingston, NY 12401* Phone 888 377-7731

Orange County Rural Development Advisory Corp * 59b Boniface Drive Pine Bush, NY 12566* Phone 845 713-4568

Human Development Services of Westchester, Inc * 28 Adee St Port Chester, NY 10573* Phone 914-939-2005

Westchester Residential Opportunities* 470 Mamaroneck Ave , Suite 410 White Plains, NY 10605* Phone 914-428-4507

**MOHAWK VALLEY REGION**

Better Neighborhoods, Inc * 986 Albany St Schenectady, NY 12307* Phone 518 688-0289

Consumer Credit Counseling Service of the Mohawk Valley* 289 Genesee St Utica, NY 13501* Phone 1-877-412 2227

UNHS NeighborWorks Homeownership Center* 1611 Genesee Street Utica, NY 13501* Phone 315-724-4197

NY 90 Day
Page 4 of 5

Better Neighborhoods, Inc * 986 Albany St Schenectady, NY 12307* Phone 518-688-0289

Northeast Hawley Development Corp * 101 Gertrude St Syracuse, NY 13202* Phone 315-425-1032

## NEW YORK CITY REGION

Neighborhood Housing Services- South Bronx* 848 Concourse Village West,Bronx, NY 10451* Phone 718-992-5979

Grow Brooklyn, Inc * 1474 Myrtle Ave Brooklyn, NY 11237* Phone 718-418-8232 ext 206

AAFE Community Development Fund, Inc * 111 Division St New York, NY 10002* Phone 212-964-2288

Rockaway Development and Revitilization Corp* 1920 Mott Ave , Second Floor Far Rockaway, NY 11691* Phone 718-327-5300

MHANY Management, Inc * 2 4 Nevins St Brooklyn, NY 11217* Phone 718-246-8080 ext 203

## NORTH COUNTRY REGION

Friends of the North Country* 1 Mill St Keeseville, NY 12944* Phone 518-834-9606

Homefront Development Corp * 568 Lower Allen St Hudson Falls, NY 12839* Phone 518-747 8250

Consumer Credit Counseling Service of the North Country* 215 Washington St Suite 005 Watertown, NY 13601* Phone 1-877-412-2227

Home Headquarters, Inc * 990 James St , Suite 1 Syracuse NY 13203* Phone 315-474-1939

North Country Housing Council* 19 Main St Canton, NY 13617* Phone 315-386-8576

## SOUTHERN TIER REGION

Metro Interfaith Housing Council* 21 New St Binghamton, NY 13903* Phone 607-772-6766

Arbor Housing and Development* 16 W William St Bath, NY 14810* Phone 607-776-7664

Delaware Opportunities, Inc * 35430 State Hgwy 10 Hamden, NY 13782* Phone 607-746-1650

Catholic Charities of Chemung* 215 East Church St , Suite 101,Elmira, NY 14901* Phone 607 734-9784

Alternatives, FCU* 125 Fulton St Ithaca, NY 14850* Phone 607-216-3445

## WESTERN NY REGION

ACCORD* 84 Schuyler St Belmont, NY 14813* Phone 585-268-7605

Belmont Housing Resources* 1195 Main Street, Buffalo, NY 14209* Phone 716-884 7791

Neighborhood Housing Services of South Buffalo* 1937 South Park Ave Buffalo, NY 14220* Phone 716-823 3630

West Side & Black Rock Riverside NHS, Inc * 203 Military Rd Buffalo, NY 14207* Phone (716) 885 2344 and (716) 877-3910

Buffalo Urban League* 15 Genesee Street Buffalo, NY 14203* Phone (716) 250-2445

NY 90 Day
Page 5 of 5



P O Box 514387
Los Angeles, CA 90051-4387

**RETURN SERVICE
REQUESTED**

PRESORTED
FIRST CLASS



US POSTAGE ⟫ PITNEY BOWES

ZIP 93021   $ 000.46⁰
02 1W
0001381330 MAY 29 2014

YAAKOV-Y GROSS
1447 HERKIMER ST
BROOKLYN NY 11233



U.S. Postal Service
CERTIFIED MAIL... RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com...

OFFICIAL USE

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

05/29/14
NY 90 DAY

Sent To
Yaakov Y Gross
Street Apt No
or PO Box No        property
City State ZIP+4

7014 0510 0001 5915 6034

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Yaakov Y Gross
1447 Herkimer St
Brooklyn, NY 11233

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail  □ Priority Mail Express
   □ Registered      □ Return Receipt for Merchandise
   □ Insured Mail    □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  □ Yes

2. Article Number
   (Transfer from service label)     7014 0510 0001 5915 6034

PS Form 3811, July 2013        Domestic Return Receipt

Page 28

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------
PENNYMAC CORP.

                                    Plaintiff,

        -against-


JUDY GROSS, YAAKOV GROSS, et al.,

                                    Defendants.
--------------------------------------------------------------------

---

**SUMMONS AND COMPLAINT**

---

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585
516-622-9434
RR&A: 14-014628

# EXHIBIT 2

FILED: KINGS COUNTY CLERK 03/17/2015 01:11 PM          INDEX NO. 503040/2015

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 03/17/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x

PENNYMAC CORP.                                          Index No.:

                                    Plaintiff(s),

v.                                                      CERTIFICATE OF MERIT
                                                        PURSUANT TO CPLR 3012-b

JUDY GROSS; YAAKOV GROSS; NEW YORK          Mortgaged Premise Address:
CITY PARKING VIOLATIONS BUREAU; NEW         1447 HERKIMER STREET
YORK CITY TRANSIT ADJUDICATION BUREAU;      BROOKLYN, NY 11233
CITIBANK, NA; GENERAL ELECTRIC CAPITAL
CORPORATION;    NEW     YORK    STATE
DEPARTMENT OF TAXATION & FINANCE; TZVI
ALTUSKY ; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; "JOHN DOES" and "JANE
DOES", said names being fictitious, parties intended
being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or
may claim, a lien against the premises,

                                    Defendant(s).
-------------------------------------------------------------------x

        1.      I am an attorney at law duly licensed to practice in the State of New York, and am
affiliated with the law firm of ROSICKI, ROSICKI & ASSOCIATES, P.C., attorney for plaintiff PMT
NPL FINANCING 2014-1 in this action.

        2.      I have reviewed the facts of this case and reviewed pertinent documents, including the
mortgage, security agreement and note or bond underlying the mortgage executed by defendant, all
instruments of assignment (if any), and all other instruments of indebtedness including any
modification, extension, and consolidation.

        3.      I have consulted about the facts of this case with the following representatives of
plaintiff:

        Name                                    Title

        Jeffrey Gutierrez                        Default Specialist

        _____                        _____

        _____                        _____

        _____                        _____

        4.      Upon this review and consultation, to the best of my knowledge, information, and belief,
I certify that there is a reasonable basis for the commencement of this action, and that plaintiff is the
creditor entitled to enforce rights under these documents.

5.      Listed in Exhibit A and attached hereto are copies of the following documents not otherwise included as attachments to the summons and complaint:  the mortgage, security agreement and note or bond underlying the mortgage executed by the defendant; all instruments of assignment (if any); and any other instrument of indebtedness, including any modification, extension, and consolidation. (Check box if <u>no</u> documents are attached in Exhibit A: ☑)

6.      Listed in Exhibit B and attached hereto are supplemental affidavits attesting that certain documents as described in paragraph 5 <u>supra</u> are lost, whether by destruction, theft, or otherwise. (Check box if <u>no</u> documents are attached in Exhibit B: ☑)

7.      I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: March 16, 2015

Ijeoma Nduka, Esq.

Exhibit A

Please see attached copies of the Loan Documents
(List Documents Attached)

Exhibit B

Please see attached Supplemental Affidavit
**(List Affidavit of Lost/Missing Documents)**

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------------
PENNYMAC CORP.

                                              Plaintiff,

                  -against-

JUDY GROSS, YAAKOV GROSS , et al.,

                                              Defendant(s).
-------------------------------------------------------------------------------


---

### CERTIFICATE OF MERIT PURSUANT TO CPLR 3012-b

---


ROSICKI, ROSICKI & ASSOCIATES, P.C.

By: _____
              Ijeoma Nduka, Esq.
              Attorneys for Plaintiff
        Main Office 51 E Bethpage Road
              Plainview, NY 11803
                516-741-2585
                516-622-9434
              RR&A: 14-014628

# EXHIBIT 3

FILED: KINGS COUNTY CLERK 03/17/2015 01:11 PM

NYSCEF DOC. NO. 3

INDEX NO. 503040/2015

RECEIVED NYSCEF: 03/17/2015

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x

PENNYMAC CORP.

Plaintiff,

-against-

JUDY GROSS; YAAKOV GROSS; NEW YORK CITY PARKING
VIOLATIONS BUREAU; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; CITIBANK, NA; GENERAL
ELECTRIC CAPITAL CORPORATION; NEW YORK STATE
DEPARTMENT OF TAXATION & FINANCE; TZVI ALTUSKY ;
NEW YORK CITY ENVIRONMENTAL CONTROL BOARD;
"JOHN DOES" and "JANE DOES", said names being fictitious,
parties intended being possible tenants or occupants of premises and
corporations, other entities or persons who have, claim, or may
claim, a lien against, or other interest in, the premises,

Defendant(s).

-------------------------------------------------------------------x

Index No.

D/O/F:

**NOTICE OF PENDENCY**

Premises Address:
1447 HERKIMER STREET
BROOKLYN, NY 11233

NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this Court upon a
complaint of the above named plaintiff against the above named defendants for the foreclosure of a
certain mortgage given by:

> JUDY GROSS and YAAKOV GROSS to BANK OF AMERICA, N.A. bearing date September
> 1, 2006 and recorded in CRFN: 2006000557979 in the County of Kings on October 4, 2006.
> The aforesaid instruments were assigned to PENNYMAC CORP., by assignment of mortgage
> dated October 22, 2013 and recorded in CRFN: 2015000070768 in the County of Kings on
> March 2, 2015.

That the mortgaged premises affected by said foreclosure action are situate in the County of Kings,
State of New York, and more specifically described in "Schedule A" annexed hereto and made a part
hereof.

Said premises are commonly known as 1447 HERKIMER STREET, BROOKLYN, NY 11233 and
bearing tax map designation:

Block:  1554 Lot(s):  61

The Clerk of the County of Kings is directed to index this notice to the names of the defendants and
the property identified above.

Dated: March 17, 2015

Ijeoma Nduka, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Herkimer Street distant 68 feet 9 inches easterly from the corner formed by the intersection of the northerly side of Herkimer Street, with the easterly side of Sackman Street;

RUNNING THENCE northerly parallel with Sackman Street, 100 feet;

THENCE easterly parallel with Herkimer Street, 43 feet 9 inches.

THENCE southerly parallel with Sackman Street, 100 feet to the northerly side of Herkimer Street and;

THENCE westerly along said side of Herkimer Street, 43 feet 9 inches to the point or place of BEGINNING.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------
PENNYMAC CORP.

                              Plaintiff,


        -against-


JUDY GROSS, YAAKOV GROSS, et al.,

                      Defendants.

------------------------------------------------------------------------


**NOTICE OF PENDENCY OF ACTION**


**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585
516-622-9434
RR&A: 14-014628

# EXHIBIT 4

<table>
<tr><td>

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

</td><td>



2017101601219001001EB505

</td></tr>
</table>

| **RECORDING AND ENDORSEMENT COVER PAGE** | **PAGE 1 OF 11** |
|---|---|

| Document ID: **2017101601219001** | Document Date: 02-23-2017 | Preparation Date: 10-16-2017 |
|---|---|---|

Document Type:  MORTGAGE AND CONSOLIDATION
Document Page Count: 10

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| FIRST AMERICAN MORTGAGE SOLUTIONS- MOD SEGMENT<br>3 FIRST AMERICAN WAY<br>SANTA ANA, CA 92707<br>SUPPORT@SIMPLIFILE.COM | FIRST AMERICAN TITLE<br>3FIRST AMERICAN WAY<br>SANTA ANA, CA 92707<br>SUPPORT@SIMPLIFILE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1554 | 61 | Entire Lot | 1447 HERKIMER STREET |

**Property Type:** DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

CRFN:   2006000557979

### PARTIES

| **MORTGAGOR:** | **MORTGAGEE:** |
|---|---|
| YAAKOV Y. GROSS<br>1447 HERKIMER ST<br>BROOKLYN, NY 11233 | PENNYMAC CORP<br>6101 CONDOR DR<br>MOORPARK, CA 93021 |

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 583,677.59 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 201,581.52 | NYC Real Property Transfer Tax: | | |
| Exemption: | | 255 | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 1,008.50 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 2,017.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 504.25 | | | |
| MTA: | $ | 575.10 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 4,104.85 | | | |
| Recording Fee: | $ | 87.00 | | | |
| Affidavit Fee: | $ | 8.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        10-17-2017 16:02
City Register File No.(CRFN):
**2017000381893**

*City Register Official Signature*

*(Space above reserved for Recorder of Security Instruments certification)*

Loan Number: 1000082975

**Title of Document:** LOAN MODIFICATION AGREEMENT

**Date of Document:** FEBRUARY 23, 2017

**Grantor(s):** YAAKOV Y GROSS

**Grantor(s) Mailing Address:** 1447 HERKIMER STREET, BROOKLYN, NEW YORK 11233

**Grantee(s):** PENNYMAC CORP

**Grantee(s) Mailing Address:** 6101 CONDOR DRIVE, MOORPARK, CALIFORNIA 93021

**Legal Description:**

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: BLOCK 1554  LOT 61
This property is or will be improved by a one or two family dwelling only.
UNPAID PRINCIPLE BALANCE: $382,096.07
NEW UNPAID PRINCIPLE BALANCE: $583,677.59
TOTAL CAP AMOUNT(b minus a equals) $201,581.52

ASSIGNMENT OF MORTGAGE*
BANK OF AMERICA, N.A., ITS SUCCESSORS AND ASSIGNS TO PENNYMAC CORP
INSTRUMENT: 2015000070768 RECORDED 3/02/2015

Prepared by: German Rivas   (866)695-4122 Ext 7062.
PennyMac Loan Services LLC (866)545-9070
Address: 6101 Condor Drive
Moorpark, CA 93021

**Reference Book and Page(s):** , Instrument Number: 2006000557979

*(If there is not sufficient space on this page for the information required,
state the page reference where it is contained within the document.)*

DocMagic *eForms*
www.docmagic.com

Mortgage Recording Tax:

After Recording Return To:
PENNYMAC LOAN SERVICES LLC
6101 CONDOR DRIVE
MOORPARK, CALIFORNIA 93021
Loan Number: 1000082975

——————————————— [Space Above This Line For Recording Data] ———————————————

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

   This Loan Modification Agreement ("Agreement"), made this   1st   day of       APRIL, 2017       ,
between  YAAKOV Y GROSS

                                                            ("Borrower")
and    PENNYMAC CORP

                                                            ("Lender"),
amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated
SEPTEMBER 1, 2006, $402,500.00   and recorded in Book      Recorded 10/04/2006        of
BANK OF AMERICA, N.A.
OFFICIAL                             under filing No. 2006000557979      ,
of the Records of                      KINGS/NEW YORK
                            (County and State, or other jurisdiction)

and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and
personal property described in the Security Instrument and defined therein as the "Property", located at

            1447 HERKIMER STREET, BROOKLYN, NEW YORK 11233                    ,
                              [Property Address]

Section:              Block:1554              Lot(s)/Unit No(s).:61

LOAN MODIFICATION AGREEMENT - Single Family
Fannie Mae MODIFIED Instrument
Form 3179  1/01 (rev. 4/14)
NY3179.LMA  10/13/16                          Page 1 of 7

*DocMagic eForms*
*www.docmagic.com*

the real property described being set forth as follows:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: BLOCK 1554  LOT 61

    In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of  FEBRUARY 23, 2017  , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 583,677.59          , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of          3.000 %, from MARCH 1, 2017          . Borrower promises to make monthly payments of principal and interest of U.S. $ 2,089.47          , beginning on the  1st  day of       APRIL     , 2017     , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full.  The yearly rate of          3.000 % will remain in effect until principal and interest are paid in full.  If on      MARCH 1, 2057       (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

LOAN MODIFICATION AGREEMENT - Single Family
Fannie Mae MODIFIED Instrument
Form 3179  1/01 (rev. 4/14)
NY3179.LMA  10/13/16                    Page 2 of 7

DocMagic e-Forms
www.docmagic.com



    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.   Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

    (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

    (f) ☐ *[Check box if the security property is an investment property or a 2-4 unit principal residence:]*

Borrower hereby absolutely and unconditionally assigns and transfers to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon this assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold estate.

Borrower hereby absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default under this Agreement, pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

LOAN MODIFICATION AGREEMENT - Single Family
Fannie Mae MODIFIED Instrument
Form 3179  1/01 (rev. 4/14)
NY3179.LMA  10/13/16          Page 3 of 7

DocMagic *eForms*
www.docmagic.com

If Lender gives notice of default to Borrower:  (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9 of the Security Instrument.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower.  However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs.  Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender.  This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

☐ *[Check box if the borrower previously received a Chapter 7 bankruptcy discharge but did not reaffirm the mortgage debt under applicable law:]*

Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability.  However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances.  The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder.  Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

LOAN MODIFICATION AGREEMENT - Single Family
Fannie Mae MODIFIED Instrument
Form 3179  1/01 (rev. 4/14)
NY3179.LMA  10/13/16                                   Page 4 of 7

DocMagic *eForms*
www.docmagic.com

☐ *[Check box if the lender previously waived the borrower's obligation to maintain an escrow account for the payment of escrow items:]*

By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

PENNYMAC LOAN SERVICES LLC

_____ (Seal)
-Lender

Michael Drawdy
Senior Vice President

By: _____

_____
Date of Lender's Signature

YAAKOV Y GROSS

_____ (Seal)          _____ (Seal)
-Borrower                                                      -Borrower

_____ (Seal)          _____ (Seal)
-Borrower                                                      -Borrower

_____ (Seal)          _____ (Seal)
-Borrower                                                      -Borrower

LOAN MODIFICATION AGREEMENT - Single Family
Fannie Mae MODIFIED Instrument
Form 3179  1/01 (rev. 4/14)
NY3179.LMA  10/13/16                    Page 5 of 7

DocMagic eForms
www.docmagic.com

—————————————————— [Space Below This Line For Acknowledgments] ——————————————————

**LENDER ACKNOWLEDGMENT**

State of _____ <u>NEW YORK</u> _____ )
                                 ) ss.
County of _____ <u>KINGS</u> _____ )

On the _____ day of _____ , in the year _____ , before me,

the undersigned, personally appeared _____

_____

_____,

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

Signature and Office of Person Taking Acknowledgment

_____

Print or Type Name

(Seal, if any)

LOAN MODIFICATION AGREEMENT - Single Family
Fannie Mae MODIFIED Instrument
Form 3179  1/01 (rev. 4/14)
NY3179.LMA  10/13/16                                    Page 6 of 7

*DocMagic eForms*
*www.docmagic.com*



# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Ventura _____ )

On _____ May 11, 2017 _____ before me, _____ German A. Rivas, Notary Public _____
                                              (insert name and title of the officer)

personally appeared _____ MICHAEL DRAWDY _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

GERMAN A. RIVAS
Notary Public - California
Ventura County
Commission # 2172736
My Comm. Expires Nov 13, 2020

**BORROWER ACKNOWLEDGMENT**

State of _____NEW YORK_____ )

County of _____Kings_____ ) ss.

On the ___8___ day of ___March___ , in the year ___2017___ , before me,

the undersigned, personally appeared _YAAKOV Y GROSS_ _____

_____

_____ ,

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Signature and Office of Person Taking Acknowledgment

_Laurel Greenwood_
_____
Print or Type Name

(Seal, if any)

LAUREL ELIZABETH GREENWOOD
NOTARY PUBLIC, STATE OF NEW YORK
No. 01-GR6054556
Qualified in Kings and Queens County
Commission Expires February 05, 20___

Tax Map Information No.:



LOAN MODIFICATION AGREEMENT - Single Family
Fannie Mae MODIFIED Instrument
Form 3179  1/01 (rev. 4/14)
NY3179.LMA  10/13/16                      Page 7 of 7

DocMagic *e*Forms
www.docmagic.com

# Old Republic National Title Insurance Company

Title No.: MTANY-032616

## SCHEDULE A CONTINUED

### LEGAL DESCRIPTION

All that certain Lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the northerly side of Herkimer Street distant 68 feet 9 inches easterly from the corner formed by the intersection of the northerly side of Herkimer Street, with the easterly side of Sackman Street;

RUNNING THENCE northerly parallel with Sackman Street, 100 feet;

THENCE easterly parallel with Herkimer Street, 43 feet 9 inches;

THENCE southerly parallel with Sackman Street, 100 feet to the northerly side of Herkimer Street and;

THENCE westerly along said side of Herkimer Street, 43 feet 9 inches to the point or place of BEGINNING.

NOTE:  Being District , Section , Block(s) 1554, Lot(s) 61, Tax M ap of the Borough of Brooklyn, County of Kings.

NOTE: Lot and Block shown for informational purposes only.

Issued by:

**Madison Title Agency, LLC**
1125 Ocean Avenue, Lakewood, NJ 08701
Telephone: 212-808-9400  Fax: 212-808-9420

(032616.PFD/032616/7)

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2017101601219001001S7B84

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2017101601219001**   Document Date: 02-23-2017   Preparation Date: 10-16-2017
Document Type: MORTGAGE AND CONSOLIDATION

---

**SUPPORTING DOCUMENTS SUBMITTED:**

Page Count

255 MORTGAGE TAX EXEMPT AFFIDAVIT                                          2

**AFFIDAVIT UNDER SECTION 255 OF THE NEW YORK STATE LAW**
**(MODIFICATION AGREEMENT)**

State of CALIFORNIA                          }

                               }SS

County of VENTURA                          }

I, MICHAEL DRAWDY                                                   , being duly sworn, deposes and says;

1. That he/she is the agent for the owner and holder of the hereinafter described mortgage, and is familiar with the facts set forth herein

2. A certain mortgage bearing the date of SEPTEMBER 01, 2006                in the principal amount of FOUR HUNDRED TWO THOUSAND FIVE HUNDRED AND 00/100 ($402,500.00)
was made by YAAKOV Y GROSS AND JUDY GROSS            as Mortgagor to BANK OF AMERICA, N.A.
as original Mortgagee, recorded on 10/04/2006          , in BOOK/LIBER/REEL N/A       PAGE N/A    , or
instrument ID# 2006000557979          Mortgage tax paid: $ 8,221.25   in the KINGS        County
Clerk's Office, upon which the mortgage tax was duly paid thereon.

3. The instrument offered for recording herewith is a Modification made by YAAKOV Y GROSS
to PENNYMAC CORP                          effective/dated 4/01/2017       , and to be recorded in the
KINGS          County Clerk's Office.

4. The instrument offered for recording modifies and does not create or secure any new or further lien, indebtedness or obligation other than the principal indebtedness or obligation secured by or which under any contingency may be secured by the recorded mortgage hereinabove first described with the exception of the following amount:

| | | |
|---|---|---|
| a) Unpaid principal balance | $382,096.07 | ASSIGNMENT OF MORTGAGE* |
| b) New unpaid principal balance | $583,677.59 | BANK OF AMERICA, N.A., ITS SUCCESSORS AND ASSIGNS TO PENNYMAC CORP |
| c) Total Cap Amount (b minus a equals) | $201,581.52 | INSTRUMENT: 2015000070768 RECORDED 3/02/2015 |

d) Additional obligation secured by mortgage as modified

Additional mortgage recording tax of $ 4,102.98         is therefore being paid on this Modification on the sum set forth in 4c.

That Exemption from further tax is CLAIMED under Section 255 of the Tax Law.

Name: _____          Executed On 9/25/17

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Ventura_____

Subscribed and sworn to (or affirmed) before me on this __25__
day of ____September____, 20_17_, by __Michael Drawdy_____
_____,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

JULIE MEJIA
Notary Public - California
Ventura County
Commission # 2172077
My Comm. Expires Nov 17, 2020

(Seal)                    Signature_____

# EXHIBIT 5

<table>
<tr><td>

**NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

</td><td><br>2018103000270001001E74D5</td></tr>
</table>

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 3 |
|---|---|---|

**Document ID: 2018103000270001**   Document Date: 10-17-2018   Preparation Date: 10-30-2018
Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 1

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| MERIDIAN ASSET SERVICES<br>3201 34TH STREET SOUTH<br>SUITE 310<br>SAINT PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM | MERIDIAN ASSET SERVICES, LLC<br>3201 34TH STREET SOUTH, SUITE 310<br>ST. PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1554 | 61 | Entire Lot | 1447 HERKIMER STREET |

**Property Type:** DWELLING ONLY - 1 FAMILY

**CROSS REFERENCE DATA**

CRFN: 2006000557979

**PARTIES**

| **ASSIGNOR/OLD LENDER:** | **ASSIGNEE/NEW LENDER:** |
|---|---|
| PENNYMAC CORP.<br>3043 TOWNSGATE ROAD SUITE 300<br>WESTLAKE VILLAGE, CA 91361 | U.S. BANK TRUST NATIONAL ASSOCIATION<br>300 DELAWARE AVENUE 9TH FLOOR<br>WILMINGTON, DE 19801 |

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed      10-30-2018 14:32 | | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 42.00 | **2018000361290** | | |
| Affidavit Fee: | $ | 0.00 | | | |

*Annette M Hill*

***City Register Official Signature***

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**



2018103000270001001C7655

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 3 |
|---|---|

**Document ID: 2018103000270001**    Document Date: 10-17-2018    Preparation Date: 10-30-2018
Document Type: ASSIGNMENT, MORTGAGE

**PARTIES**
**ASSIGNEE/NEW LENDER:**
CVF III MORTGAGE LOAN TRUST II
300 DELAWARE AVENUE 9TH FLOOR
WILMINGTON, DE 19801

This Instrument Prepared By:
**SUSAN TAYLOR**
After Recording Return To:
**MERIDIAN ASSET SERVICES, LLC**
**ATTN: DOC INTAKE – (PM04)**
**3201 34TH STREET SOUTH STE 310**
**ST PETERSBURG, FL 33711**



### Assignment of Mortgage

ORDER #: 02-18083494-01S

For value received, PennyMac Corp., whose address is 3043 Townsgate Road Suite 300, Westlake Village, CA 91361, hereby grants, assigns, and transfers to: **U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II,** whose address is 300 Delaware Avenue 9th Floor, Wilmington, DE 19801 under that certain Mortgage dated September 01, 2006 executed by:

Borrower: **YAAKOV Y GROSS AND JUDY GROSS**

For BANK OF AMERICA, N.A., whose address is 1400 BEST PLAZA DR, STE 101, RICHMOND, VA 23227 in the amount of: $402,500.00, recorded 10/04/2006 as Instrument No.: CRFN 2006000557979 of the Official Records of Kings County, New York

Assignment of Mortgage dated 10/22/2013 BANK OF AMERICA, N.A. to PENNYMAC CORP., This Assignment of Mortgage recorded on 03/02/2015 as Instrument No.: CRFN 2015000070768 in Kings County, New York

Property Address: 1447 HERKIMER STREET, BROOKLYN, NEW YORK 11233

Tax Parcel ID: BLOCK : 1554, LOT : 61

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an Assignment within the secondary mortgage market
BATCH#10200, POA WAS RECORDED IN NEW YORK CITY, NY, ON 8/8/2017, INST#2017000292978

PennyMac Corp By PennyMac Loan Services, LLC its attorney in fact

By: _____ *Robert Taylor*
SIGNER NAME:
SIGNER TITLE:      Robert Taylor, Authorized Representative

Dated: 10|17|18

State of TEXAS
County of TARRANT
Before me, _____ Hilda Mireya De La Cruz _____, the undersigned officer, on this, 10|17|18 ,

personally appeared _____ Robert Taylor _____, or known to me or, or through production
of ~~Authorized Representative~~ identification, who identified her/himself to be the
_____ of PennyMac Corp By PennyMac Loan Services,
LLC its attorney in fact, the person and officer whose name is subscribed to the foregoing instrument, and being authorized to do so, acknowledged that (s)he had executed the foregoing instrument as the act of such corporation for the purpose and consideration described and in the capacity stated.

(seal)


HILDA MIREYA DE LA CRUZ
Notary ID #126856740
My Commission Expires
July 5, 2021

_____
Notary Public, State of TEXAS
My Commission Expires: 07|05|21