UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YAAKOV GROSS,                                               :
                                                            :   **MEMORANDUM DECISION AND**
                             Plaintiff,            :   **ORDER**
                                                            :
        - against -                                  :   20-cv-4192 (BMC)
                                                            :
PENNYMAC LOAN SERVICES, LLC,                                :
                                                            :
                           Defendants.           :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

       In this case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., plaintiff seeks leave to amend his complaint for the third time. The claims stem from an entry on plaintiff's credit report for his mortgage. It listed the "Pay Status" of "30 Days Past Due." According to plaintiff, this entry was inaccurate because it suggested that the account was *currently* past due, when in fact he was no longer obligated to make payments to the lender listed on the credit report because the account had been transferred to another lender.

       In the First Amended Complaint, plaintiff sued the credit reporting agency, TransUnion, LLC, and the furnisher of credit information, Private National Mortgage Acceptance Company, LLC ("PNMAC"). As relevant here, plaintiff alleged that PNMAC violated 15 U.S.C. § 1681s-2(b), which sets forth the steps that a furnisher must take when it receives notice of "a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." The First Amended Complaint mentioned only one dispute – namely, the dispute letter that plaintiff sent to TransUnion in February 2020.

TransUnion, but not PNMAC, moved to dismiss. I granted the motion, holding that plaintiff had failed to allege facts plausibly showing that the entry was materially misleading. Gross v. Priv. Nat'l Mortg. Acceptance Co., LLC, No. 20-cv-4192, 2021 WL 81465, at *1 (E.D.N.Y. Jan. 9, 2021). The case against PNMAC continued.

Towards the end of discovery, plaintiff sought leave to file a Second Amended Complaint. He said that he had learned in discovery that "the proper party for this litigation was actually Penny[M]ac Loan Services, LLC" ("PLS"), not PNMAC. The Second Amended Complaint thus sought to swap the defendants and it addressed some of the deficiencies that I noted in the dismissal order. Yet it retained the core allegations of the First Amended Complaint – specifically, that the furnisher (now PLS) violated the FCRA after it received notice of plaintiff's February 2020 dispute letter to TransUnion. The motion for leave to amend was granted.

Now, towards the end of a second round of discovery, plaintiff seeks to file his Third Amended Complaint. This complaint adds that, in February 2020, plaintiff sent a letter to not only TransUnion, but also Experian. The complaint then alleges that plaintiff sent these two agencies additional dispute letters in July 2020. Thus, the complaint would hold PLS liable for its response to three additional disputes: the February 2020 dispute with Experian, the July 2020 dispute with Experian, and the July 2020 dispute with TransUnion.

When a party can no longer amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave when justice so requires," id., but it "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (quoting another

source).  "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting another source).  That means "[d]elay alone . . . does not usually warrant denial of leave to amend."  Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234–35 (2d Cir. 1995).  But "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."  Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (quoting another source).

Consistent with this principle, various courts have held that leave to amend may be denied "when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay."  Kiarie v. Dumbstruck, Inc., 473 F. Supp. 3d 350, 357 (S.D.N.Y. 2020) (quoting another source); see also Prosper v. Thomson Reuters Inc., No. 18-cv-2890, 2021 WL 535728, at *4 (S.D.N.Y. Feb. 11, 2021); Hutter v. Countrywide Bank, N.A., 41 F. Supp. 3d 363, 371 (S.D.N.Y. 2014), aff'd in relevant part, 710 F. App'x 25 (2d Cir. 2018); Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997); Wright & Miller, Federal Practice & Procedure § 1487 (3d ed. 2021).

This rule dooms the proposed amendment.  The new allegations concern dispute letters that plaintiff himself sent to Experian and TransUnion in February and July of 2020.  Plaintiff knew of those disputes when he commenced this action in August 2020, when he filed the Amended Complaint in September 2020, and when he moved for leave to file a Second Amended Complaint in February 2021.

The explanation for this delay is unconvincing.  Plaintiff first contends that "[t]he facts which [he] seeks to add specifically address a second dispute which [he] did not believe was relevant until further information was provided by PLS through discovery regarding the correspondence received from the credit bureaus."  Beyond a perfunctory cite to that correspondence, however, plaintiff does not explain why he did not believe the second dispute was relevant then, or why he came to believe that it is relevant now.

Plaintiff also argues that he "is entitled to obtain additional information and explanation of the meaning of PLS'[s] documents from their corporate representative prior to moving forward with an amendment."  But the new facts are not the kind that plaintiff would have gleaned from PLS's documents.  They are generalized, adding only that plaintiff sent dispute letters to TransUnion and Experian, that TransUnion Experian forwarded those disputes to PLS, and that PLS "failed to conduct a reasonable investigation and verified the inaccurate information."  Plaintiff made identical allegations in the First Amended Complaint about his February 2020 dispute with TransUnion, and it is not clear why plaintiff could not have made those same generalized allegations about the other disputes.  Indeed, plaintiff "makes little effort to marshal this evidence [that he obtained during discovery], to fix the date when this evidence came into his possession, or to reveal what information he gained during the course of document discovery . . . that he did not have before as a result of his communications with the defendants prior to the filing of this suit."  Kiarie, 473 F. Supp. 3d at 357.  So this motion for leave to amend, unlike the last one, does not seek to conform the complaint to evidence plaintiff uncovered during discovery.  See id. at 356.

Finally, the proposed amendment would prejudice PennyMac.  The amendments concern new disputes, including a dispute with a third parties.  Adding those disputes would necessitate

4

additional discovery, including possible repeat depositions of plaintiff and PLS's corporate designee. In light of plaintiff's delay, this additional discovery is sufficient to show prejudice. See Block, 988 F.2d at 350.

Plaintiff's arguments otherwise are unavailing. He first emphasizes that no additional discovery is necessary because the disputes were "exactly the same." That just begs the question of why plaintiff did not include these allegations in earlier complaints. Plaintiff also notes that he told PLS about his plan to move for leave to amend. In this view, PLS is at fault for any prejudice, since it could have asked about the facts underpinning the amendment during plaintiff's deposition. But this argument ignores the principle that it is the complaint, not out-of-court representations from counsel, that gives a defendant notice of the claims and the grounds on which they rest. Thus, "a defendant that received notice in the complaint of the asserted claims and the grounds on which they rest may conduct trial preparation accordingly and is not required, based on the plaintiff's subsequent conduct in litigation, to anticipate future claims that a plaintiff might intend to pursue." Hutter, 41 F. Supp. 3d at 371 (alteration adopted) (quoting another source). It follows that a court may deny leave to amend "even if certain testimony adduced during discovery purportedly g[ave] the opposing party 'full and fair notice' of a new theory not alleged in the operative complaint." Id. (quoting another source).

Finally, it is worth noting that plaintiff's prediction in his last motion for leave to amend – that "there would only be limited additional discovery required" – has not panned out. After I set an expedited discovery schedule, that schedule twice needed to be extended, and the second round of discovery is now nearly the same length as the first. A good part of the reason for that delay is plaintiff's own conduct. Specifically, at the last status conference, he acknowledged that he sought to use evidence from certain witness who he did not name in his initial disclosures.

That belated disclosure has necessitated even more discovery. Thus, in assessing plaintiff's and PLS's different accounts of how much discovery the amendments will require, there is good reason to doubt plaintiff's prediction. I thus conclude that granting leave to amend will prejudice PLS.

Because plaintiff knew or should have known of the facts underpinning this proposed amendment, and because the unduly delayed amendment would prejudice PLS, the motion for leave to amend [41] is denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       June 25, 2021